CHARLES W. F. SCOTT *vs.* WILLIAM A. McGROARTY.

JANUARY 7, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney and Barrows, JJ.

(1)  *Trial.   Charge of Court.   Exceptions.*

Where the charge of the court was either a material misstatement of the tes-
timony or an infringement upon the right of the jury to determine the facts;
in either case it is prejudicial error.

ASSUMPSIT.   Heard on exceptions of defendant and sus-
tained.

SWEENEY, J.   This is an action of assumpsit in which
the jury returned a verdict for the plaintiff.   Defendant
has brought the case to this court by his bill of exceptions.

During the year 1922 plaintiff and defendant's father
were confined in the New Hampshire State Hospital on
account of their insanity.   Plaintiff was released from the
hospital on parole in February, 1923, and discharged as
completely recovered December 25, 1923.   February 1, 1924,
plaintiff called on the defendant at Apponaug, Rhode Island.
As a result of the meeting plaintiff claims that he was en-
gaged by defendant to work for his father's release from
the State Hospital and was promised payment for his ser-
vices and expenses.   Defendant denied that he made such
an agreement.

Plaintiff testified that he entered upon the performance
of this work by engaging an attorney and interviewing
the superintendent of the hospital and several other persons
and claimed that, as a result of his work, Mr. McGroarty
was released from the hospital April 10, 1924.

The superintendent of the hospital, called as a witness
by the defendant, testified that upon his statement that
Mr. McGroarty had recovered his sanity the Board of
Trustees ordered his release and that the plaintiff had noth-
ing whatever to do with prevailing upon him to recommend
the release of Mr. McGroarty.   Mr. McGroarty testified
that he thought the superintendent would let him out of
the hospital when the opportune time came.

The trial justice said in his charge to the jury: "There is no denial that he (plaintiff) did work actively and as a result of his work, at least Mr. McGroarty was discharged almost within a short time, or within a few days after he started out apparently Mr. McGroarty was discharged." Defendant's exception was noted to that part of the charge where the court said "as a result of his work, Mr. McGroarty was discharged". This exception must be sustained. In the sentence quoted it is not clear whether the trial justice meant to instruct the jury (1) that there was no denial of the fact that Mr. McGroarty was discharged as a result of the work of the plaintiff or (2) that Mr. McGroarty was discharged as a result of plaintiff's work. If the first meaning was intended the instruction was a material misstatement of the testimony as the superintendent of the hospital had testified to the contrary. For such a misstatement exception may be taken by the aggrieved party, §4640, General Laws 1923. If the second meaning was intended the trial justice infringed upon the right of the jury to determine the facts and draw their own conclusions therefrom.

An important issue of fact in the case was whether plaintiff procured the discharge of Mr. McGroarty from the hospital. Defendant was prejudiced by the portion of the charge excepted to as the jury may have understood from it that they were not at liberty to decide the issue in accordance with their own conclusions from the testimony. *State* v. *Lynott*, 5 R. I. 295; *McNear* v. *Am. & Br. Mfg. Co.*, 42 R. I. 302; 38 Cyc. 1517.

As there is to be a new trial the eighteenth exception becomes immaterial. The other exceptions have been considered and found to be without merit.

Defendant's seventeenth exception is sustained; his other exceptions are overruled and the case is remitted to the Superior Court for Kent County for a new trial.

*Walling and Walling*, for plaintiff.

*Quinn, Kernan and Quinn, Michael De Ciantis*, for defendent.