DOMENIC VARRECCHIA *vs.* ARTHUR J. PLASSE.

AUGUST 2, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is an action of trespass on the case for negligence arising out of an automobile accident. The case, together with defendant's cross action, was tried to a jury in the superior court. A verdict for the defendant in each case was returned. The defendant Arthur J. Plasse, who was the plaintiff in the cross action, has abided by the verdict, but the plaintiff Domenic Varrecchia has prosecuted his bill of exceptions to this court.

These exceptions all relate to the charge. However, we shall consider only the exception described in the transcript as the fourth, since in our opinion that exception constitutes prejudicial error.

In his charge the trial justice, referring to the plaintiff, stated: "I remember in his testimony that he said three or four hundred yards up the road he could see that nothing was there and suddenly this car came upon him * * *."

The plaintiff did not so testify and defendant's attorney admitted at the hearing before us that such statement was not correct. After the charge was completed plaintiff's coun-

sel pointed out this statement to the trial justice and asked for and received an exception.

General laws 1938, chapter 496, §20, provides: "In every case, civil and criminal, tried in the superior court with a jury, the justice presiding shall instruct the jury in the law relating to the same, and may sum up the evidence therein to the jury whenever he may deem it advisable so to do; but any material misstatement of the testimony by him may be excepted to by the party aggrieved."

In our opinion the statement objected to was a material misstatement of the testimony and we cannot say that the jury was not prejudiced by it. Juries attach great significance to whatever the trial justice says about the evidence. While before and shortly after his misstatement in the charge the trial justice told the jury that they were the judges of the "facts," we do not think that cures the error in this case because his statements, particularly the last one, was directed to the two conflicting stories as to the accident. What he was telling the jury then was that it was its province to determine the facts from the two versions, but he materially misstated the plaintiff's side of the testimony.

Looking at it in another way, the statement itself was likely, although we are sure it was not intended, to influence the jury to conclude that a man who says that he looked and did not see anything within three or four hundred yards away and yet was then "suddenly" hit by a car coming from that direction is not to be believed. But there was no such testimony by the plaintiff to support that statement. Therefore this is not a proper summary of, or fair comment on, the evidence.

In a somewhat similar situation this court held that such a statement was either a material misstatement of evidence or it amounted to an invasion of the jury's prerogative, and therefore it sustained an exception. *Scott* v. *McGroarty*, 48 R. I. 79, 80. In view of the prejudicial error a new trial

must be ordered in the instant case and therefore we need not consider the other exceptions.

The plaintiff's fourth exception is sustained, and the case is remitted to the superior court for a new trial.

*John Quattrocchi, Jr.,* for plaintiff.

*William A. Gunning,* for defendant.