STATE *vs.* WILLIAM R. DEGREE.

JULY 24, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is a criminal complaint charging the defendant with operating a motor vehicle on a public highway in the city of Providence while under the influence of intoxicating liquor. The case was tried to a jury which found him guilty. The defendant took several exceptions but the only ones he has pressed before us are to portions of the court's charge.

On December 26, 1955, about 5:30 p.m., a police officer noticed an automobile shoot across the highway through a wooden fence and down a railroad embankment. He called the rescue squad for assistance and then went to see what had happened to the automobile and its occupants. He found defendant and a passenger sitting in the car. The officer asked defendant whether he was hurt and if he had been drinking, and he admitted he had had three 12-ounce bottles of beer. About that time the police sergeant, who had come in response to the call, asked defendant the same questions and, receiving the same replies, advised him of his right to be examined by a doctor of his own choice. He then took him to the police station where defendant tried without success to locate two doctors. Shortly after this he was examined by the police doctor, who pronounced him unfit to operate. The sergeant also testified that the skid marks showed for a distance of 131 feet and the brakes were not defective. The doctor testified that defendant's breath "revealed a strong odor of alcohol" and that "his face was flushed" although the results of the tests he put him through appear to have been far from conclusive.

By way of an explanation of the accident, defendant, who was corroborated at least to some extent by his companion, testified that after leaving the cafe where they had been for less than an hour, he proceeded to take his com-

panion home but, meeting another automobile, he turned out so far to avoid a collision that he hit the curb and this caused his automobile to behave in a manner which led him to believe that he had a flat tire. He then drove to a filling station but, finding it closed, he turned into the highway again and at that time his automobile went out of control and landed where the police found it. He said that he and his companion were out of the automobile at the time the police arrived. He also testified that his brakes were defective; that he saw no skid marks; and the jury could have inferred from what he said that he did not see why there should have been any skid marks, as he was moving slowly. Thus we have a conflict on practically everything except as to the three bottles of beer, the smell of liquor on the breath, the flushed face, and the fact that there was an accident.

The part of the charge objected to, which is the basis of the third exception, reads: "Now, you know that the man has been arrested and that the police have preferred charges against him and you may or may not know that there were some proceedings in this case elsewhere * * *."

The basis of the fourth exception is to that part of the charge objected to which reads as follows: " * * * that I didn't hear the defendant at any time say that he was not influenced by the alcohol."

The defendant argued before us that the part of the charge first objected to conveyed to the jury the fact that defendant had been convicted in the district court. As we are sustaining his exception to the other part of the charge above quoted, we need not consider this exception.

It is true that defendant did not testify as to whether the liquor he had drunk affected his driving. He was not asked this question, and had he been asked, it would have been objectionable. The defendant argues that the second statement above quoted conveyed to the jury the opinion of the trial justice that if the liquor defendant had

drunk had not so affected him, he would have said so and that his silence on that subject indicated that he was in fact under the influence of liquor. While that is not the only inference that the jury could have drawn, it is one that it might well have drawn. Looked at in the light of what the jury might have done makes that remark an invasion of the province of the jury. In holding that any invasion of the province of the jury could not have harmed the one against whom it found, we must be careful that we ourselves are not invading that very province and especially in a criminal case.

In view of the rather mild evidence of the doctor and the conflict in the evidence as to the condition of the brakes, the speed, and the like, we are unable to say with reasonable certainty that the objectional remark could not have influenced the jury in their deliberations which resulted in the verdict of guilty. Such being the case, we sustain the defendant's exception to that remark. See *Varrecchia* v. *Plasse,* 84 R. I. 422, 125 A. 2d 92.

The defendant's fourth exception is sustained, and the case is remitted to the superior court for a new trial.

FLYNN, C. J., did not participate in the decision.

*William E. Powers,* Atty. Gen., *John F. O'Connell,* Special Counsel, for State.

*Anthony Grilli,* for defendant.