Helen V. F. GAY, Appellant,

v.

George M. AUGUR, Appellee.

No. 12624.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 14, 1955.

Decided Feb. 16, 1956.

Mr. Robert T. Smith, Washington, D. C., for appellant.

Mr. Cornelius H. Doherty, Washington, D. C., for appellee.

Before PRETTYMAN, FAHY and DANAHER, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is an automobile accident case. Defendant was the successful party in a trial before a jury. The principal point made here is that the trial court erred in refusing to give the jury an instruction on last clear chance.

Plaintiff Gay was seated in her husband's car, which was parked, in violation of a traffic regulation, alongside a highway, facing and near the brow of a hill. Another car, in distress, was parked nearly opposite it, on the other

side of the road and facing in the opposite direction. Defendant Augur came over the hill, saw a parked car, swerved to avoid it and put on his brakes, hit a patch of ice near the brow of the hill, went into a skid, and slid into the Gays' car, damaging it and injuring Mrs. Gay. The court gave instructions as to Augur's negligence and as to Gay's contributory negligence. We agree with the trial judge that the facts furnished no basis for an instruction on last clear chance.

The doctrine of last clear chance applies, as this court has held several times,[1] when, after the negligence and contributory negligence of the parties have placed one of them in a position of peril, the other has a reasonable opportunity to realize that peril and to avert the impending injury. In the case before us the evidence is beyond dispute that by the time Augur had an opportunity to observe Gay's peril he was in a skid on unforeseen ice. There was no evidence that he could then have averted the collision.

The argument that Augur could have averted the accident by coming over the hill at a lower rate of speed, or by not putting on his brakes, or by some other maneuver prior to the skid, does not reach the question of last clear chance. Those opportunities are pertinent to the matter of Augur's initial or primary negligence. The last clear chance is a chance that arises after the peril has developed, and the peril did not develop here until Augur went into the skid on the ice.

Appellant also complains that, when the jury returned to the courtroom with a request for clarification of the instruction on contributory negligence, the court gave again the definitions of negligence and contributory negligence but refused to repeat its instruction as to imputing to appellant Gay the negligence of her husband. We think the scope of the reinstruction was within the discretion of the court and the request of the jury. We see no error.

Affirmed.

---

1. United States v. Morow, 1950, 87 U.S. App.D.C. 84, 182 F.2d 986; Landfair v. Capital Transit Co., 1948, 83 U.S.App. D.C. 60, 165 F.2d 255; Capital Transit Co. v. Grimes, 1947, 82 U.S.App.D.C. 393, 164 F.2d 718, certiorari denied 1948, 333 U.S. 845, 68 S.Ct. 664, 92 L.Ed. 1129; Dean v. Century Motors, 1946, 81 U.S.App.D.C. 9, 154 F.2d 201. To the same effect is the law of Maryland, where this accident occurred. Congressional Country Club v. Baltimore & O. R. Co., 1950, 194 Md. 533, 71 A.2d 696; Domeski v. Atlantic Refining Co., 1953, 202 Md. 562, 97 A.2d 313.