**Jerry Wayne WILSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 23995.**

United States Court of Appeals,
Ninth Circuit.

March 12, 1970.

Alan L. Nobler (argued) of Bern & Steinberg, San Jose, Cal., for the appellant.

William B. Shubb (argued), Asst. U. S. Atty., J. P. Hyland, U. S. Atty., Sacramento, Cal., for the appellee.

Before HAMLEY, KILKENNY and TRASK, Circuit Judges.

PER CURIAM:

Appellant was convicted at jury trial of forging a United States Treasury check, a violation of 18 U.S.C. § 495. On appeal he raises two issues: (1) that the trial court erred in failing to repeat an instruction on intent upon the request of a juror, and (2) that the court erred in declining to inquire of the jurors whether they had discussed the case with others during trial.

(1) *Failure to Repeat Instruction*

After deliberating for thirty minutes, the jury sent a written request that the court re-read its instruction

pertaining to the indictment. The court re-read this instruction and then, upon the oral request of one juror, re-read the relevant statute. When another juror asked the court to repeat its instruction "about intent, ignorance", the court responded:

> "Well, why don't you confer further on the matter and then if there is something more, as I say, if necessary I will re-read them all to you. * * *"

The jury, after deliberating for two and one-half hours, returned a verdict of guilty.

Appellant now contends that the court committed plain error by refusing to re-read its instruction on intent, which was a crucial issue in the case. Defense counsel did not object to the trial court's action, and we do not think the court committed plain error under Rule 52(b), Fed.R.Crim.P. The necessity, extent and character of additional instructions are matters within the sound discretion of the trial court. LaPlante v. Radisson Hotel Co., 292 F.Supp. 705, 708 (D. Minn.1968). *See also* Charlton v. Kelly, 156 F. 433, 438 (9th Cir. 1907). We consider that the court acted within its discretion. *See* Gay v. Augur, 97 U.S. App.D.C. 336, 231 F.2d 495, 496 (1956). Unlike the cases cited by appellant,[1] the court here neither gave an inadequate answer nor refused to answer the juror's question. Rather, the court invited the jury to resubmit the question if necessary after further deliberation.

(2) *Failure To Inquire of Jurors' Discussions*

■ On the mórning of the second day of trial, defense counsel informed the court that the preceding day two ladies, whom he believed to be wives of jurors, had remained in the courtroom when the jury had been excused. During this period there had been a discussion of three prior convictions of the defendant. Two of these were later brought out by defense counsel in the presence of the jury. As these spectators might have revealed to the jurors what took place outside their presence, counsel directed the court's attention to the matter and now asserts as prejudicial and reversible error, the court's failure to make "adequate inquiry". When this incident occurred the prosecutor asked defense counsel if he was requesting a mistrial. He said he was not. We see no plain error under Rule 52(b). The judge fully admonished the jurors at the commencement of trial to refrain from talking to anyone about the case. He reminded the jurors of this admonition prior to each recess. Moreover, no evidence was introduced that the unidentified spectators spoke with any juror or even knew any juror.

The judgment is affirmed.

---

1. Bollenbach v. United States, 326 U.S. 607, 612–613, 66 S.Ct. 402, 90 L.Ed. 350 (1946); Walsh v. Miehle-Goss-Dexter, Inc., 378 F.2d 409, 415 (3d Cir. 1967);

Powell v. United States, 347 F.2d 156, 158 (9th Cir. 1965); Wright v. United States, 102 U.S.App.D.C. 36, 250 F.2d 4, 11 (1957).