**UNITED STATES of America,**
**Appellee,**

v.

**James Wesley FRIEND, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**Nedra Jean FRIEND, Appellant.**
**Nos. 71–1714, 71–1715.**

United States Court of Appeals,
Ninth Circuit.
Sept. 13, 1971.

---

1. People v. Irving, 32 A.D.2d 741, 300 N.Y.S.2d 513 (1969).

T. Leonard O'Byrne, Portland, Or., for appellant.

Sidney I. Lezak, U. S. Atty., Tommy Hawk, Asst. U. S. Atty., Portland, Or., for appellee.

Before KOELSCH, BROWNING and ELY, Circuit Judges.

PER CURIAM:

James Wesley Friend and Nedra Jean Friend were convicted of violating 26 U.S.C. § 5861(c)—unlawful possession of a firearm (a "sawed-off" shotgun) made in violation of 26 U.S.C. § 5822 and violating 26 U.S.C. § 5861(d)—unlawful possession of a firearm (the said shotgun) not registered to them in the National Firearms Registration and Transfer Record.

They urge two grounds for reversal of the judgments.

1. *The search and seizure*

FBI agents seized the gun from the locked trunk of the Friends' automobile when they arrested Friend on a charge of unlawful flight to avoid prosecution. Friend was seated at the wheel of the vehicle (Mrs. Nedra Friend and one Rene Bud Wyman were passengers). He was preparing to drive away from a parking place.

Appellants argue that the search was illegal, because the officers had no search warrant, and because it was not undertaken to secure "the fruits of or the implements used to commit" the crime which precipitated the arrest. Appellants further assert that the search cannot be upheld as incident to a lawful arrest, since the trunk was not "within the immediate control" of any of the occupants of the car.

Neither argument need be considered. The evidence relating to the search warranted the factual conclusion, not only that the officers had probable cause to believe that the car contained contraband which was being illegally transported, but also that it was impracticable for them to secure a warrant. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

2. *The constitutionality of 26 U.S.C. § 5861(c) and (d)*

Appellants' self-incrimination challenge to the constitutionality of the National Firearms Act is wholly without merit. United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971); United States v. Jones, 446 F.2d 12 (9th Cir. 1971).

Affirmed.