**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leroy GARRETT, Defendant-Appellant.**

**No. 71–1571.**

United States Court of Appeals,
Ninth Circuit.

April 6, 1972.

George H. Rhodes, of Mirecki & Rhodes, Los Angeles, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., Eric A. Nobles, Jerry L. Newton, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before DUNIWAY, TRASK and CHOY, Circuit Judges.

TRASK, Circuit Judge:

A two count indictment was filed against appellant. Count One charged the defendant and two others with aiding and abetting a violation of Title 18 U.S.C. § 1708,[1] (unlawful possession of stolen mail), on or about October 6, 1969; Count Two charged the defendant individually with a violation of 18 U.S.C.

---

1. The statute in pertinent part provides as follows:

   .    .    .    .    .

"Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so sto-

len, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—

"Shall be fined not more than $2,000 or imprisoned not more than five years, or both."

**1312**

§ 1708 on the same date. The case was tried before the court without a jury and the defendant was found guilty on both counts. He was sentenced to the custody of the Attorney General for a period of two years on each count, to run concurrently. The defendant appealed. We affirm.

Several witnesses testified that they had seen a man around the mailboxes at a particular location from which some of the missing mail was taken, and each saw him drive away in a blue station wagon. One of them testified that she spoke to this person from a distance of about fifteen feet. She identified the defendant as the person to whom she had spoken on October 3, 1969, the date one of the checks was discovered to be missing from her neighbor's mailbox. She had seen the man on that neighbor's porch where he remained about fifteen minutes.

A co-defendant who testified said that the defendant picked her up on October 6, 1969, in a blue station wagon. He drove her to a photo shop where identification cards, bearing her photograph but with the names of payees of checks, were made for her. Using this identification she was driven to the bank by the defendant and there cashed a check which the defendant gave to her. It was one which was identified as having been made payable to another and not given or transferred to defendant. Much other evidence was presented identifying the defendant with the same procedures and involving checks belonging to witnesses who testified they had not given or transferred their checks to the defendant.

The defendant testified and denied that he was the person who had been identified and denied that he committed the crime.

■ Appellant's first contention is that the evidence is insufficient to support the conviction. The government counters with the argument that having failed to make this objection at trial, the contention is waived. Foster v. United States, 318 F.2d 684, 686 (9th Cir. 1963), supports the government. The appellant does not respond.

■ Assuming the motion had been made, the evidence was clearly sufficient. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Kaplan v. United States, 329 F.2d 561 (9th Cir. 1964). It was established that the items which were the government exhibits had been placed in the mail and properly addressed; that the persons to whom they were addressed did not receive them; and that they were subsequently found in appellant's automobile. It was a reasonable inference that they had been stolen from the mail, and that defendant had stolen them. United States v. Birnstihl, 441 F.2d 368 (9th Cir. 1971). One of them, a check, had been given to the witness Parysek by the defendant in order that she might cash it under a false identification. This evidence would indicate very clearly that the defendant knew the checks were stolen. Such proof could also be supported by the inference that one in possession of recently stolen property knows that it is stolen absent a satisfactory explanation. Morandy v. United States, 170 F.2d 5 (9th Cir. 1948), cert. denied, 336 U.S. 938, 69 S.Ct. 741, 93 L.Ed. 1097 (1949).

■ Another contention of the appellant is that he received inadequate representation of counsel throughout his trial. The standard to be applied to sustain such a contention is that the inadequacy must have been such that "the trial was a farce, or a mockery of justice." Borchert v. United States, 405 F.2d 735, 738 (9th Cir. 1968), cert. denied, 394 U.S. 972, 89 S.Ct. 1466, 22 L.Ed.2d 753 (1969). We have examined the reporter's transcript and cannot agree with appellant that there exists justification for such an argument.

■ The final argument of appellant relates to the failure of trial counsel to make a motion to suppress evidence either before or during trial as required by Rule 41(e) of the Federal Rules of

Criminal Procedure. Having failed to raise the question at trial it may not now be asserted on this direct appeal. United States v. Fisher, 440 F.2d 654 (4th Cir. 1971); Kuhl v. United States, 370 F.2d 20 (9th Cir. 1966). It may be presented in a Section 2255 proceeding should appellant believe it meritorious. Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

The judgment is affirmed.