**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James ELLISON, Defendant-Appellant.**

**No. 72–1048.**

United States Court of Appeals,
Ninth Circuit.

Nov. 13, 1972.

**414**

Martha Goldin (argued), Alan Saltzman, Hollywood, Cal., for defendant-appellant.

Paul H. Sweeney, Asst. U. S. Atty. (argued), Eric A. Nobles, Joseph H. Golant, Asst. U. S. Attys., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, ELY and TRASK, Circuit Judges.

TRASK, Circuit Judge:

The defendant, James Ellison, was charged in two counts with possession of stolen mail, a violation of 18 U.S.C. § 1708.[1] He was found guilty by a jury on both counts and sentenced to a five-year term upon each, the sentences to run concurrently. He appeals from that judgment of conviction.

The evidence must be considered in the light most favorable to the judgment. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). It discloses that on August 7, 1971, the appellant and a companion, Miss Pickerine, appeared at a Sears Roebuck Store in Los Angeles and purchased a color television set and stereo equipment. They jointly discussed the purchase and the arrangements for delivery with the sales person. They took the stereo equipment with them but because the size of the television set prevented the purchasers from taking it also, appellant stated he would rent a trailer and return for it later in the day or the following day. Appellant was within listening distance when Pickerine presented a $1900 check in payment for the $1100 cost of the merchandise and obtained approval for the check. It was made payable to Norma Brinkley by Young's Market Company. Identification was presented in the form of a California temporary driver's license, a Young's Market identification, an Industrial Accident form bearing Norma Brinkley's name and an automobile registration. The cashier accepted the check and gave Pickerine cash and a Sears check for the difference.

The check had been drawn by an employee of Young's Market Company payable to Norma Brinkley and placed in a stamped envelope addressed to her. The envelope was placed in a mail sack which was taken to a collection box and left beside the box. Norma Brinkley never received it. A mail sack similar to that in which the check was placed was subsequently found in the trunk of the car which appellant drove to Sears to pick up the television set. The defendant stated at one point that he had found the mail bag and was on his way to return it; at another point, he denied any knowledge of it.

The stolen check transaction was reported to the store's security officers who arrested appellant and Pickerine when they returned with a trailer to pick up the television. The indictment and conviction by jury trial followed.

The first charge of error is based upon an asserted violation of the Fourth Amendment in conducting the search of the automobile and the seizure of the United States mail sack. Assuming,

---

1. 18 U.S.C. § 1708 provides in pertinent part:

"Whoever steals, takes, or abstracts, or by fraud or deception obtains any letter, postal card, package, bag, or mail, or any article or thing contained therein which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter; or

"Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—

"Shall be fined not more than $2,000 or imprisoned not more than five years, or both."

arguendo, that the security officers performed a public police function so that their actions must be measured by Constitutional standards, the search and seizure here appears to be justified.[2]

 Where regular police officers search a suspect's automobile without a warrant, even if not incident to a valid arrest, the search is proper if the officers have probable cause for the search. Coolidge v. New Hampshire, 403 U.S. 443, 458, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Chambers v. Maroney, 399 U.S. 42, 47, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The stereo which had also been purchased the day before with the stolen check was unaccounted for and might well still remain in the car. There were other persons still with the automobile who could remove the stereo. The vehicle was at the loading dock where it could quickly be moved by friends or accomplices. United States v. Friend, 448 F.2d 742, 743 (9th Cir. 1971). The security officers were looking for their employer's own property.

 The second attack upon the judgment is that there was insufficient proof that the employees of Young's Market had placed the check in the mail or that the appellant had knowledge that the check had been stolen from the mail. In addition to the stealing of items directly from the mail, 18 U.S.C. § 1708 proscribes the taking of any "bag, mail, or any article or thing contained therein which has been left for collection upon or adjacent to a collection box. . . ." The parties here stipulated that the bag found in the automobile driven by appellant contained mail, that it had been placed beside a United States mailbox for pickup by postal employees and that the letters in the mail bag were never received by their addressees.[3]

 We have previously held that a jury may infer from the facts that a properly addressed and recently mailed item was never received by the addressee and that the item was found in defendant's possession, the further fact that the possessor stole the item from the mail. United States v. Johnson, 463 F.2d 216 (9th Cir. 1972); United States v. Garrett, 457 F.2d 1311 (9th Cir. 1972); United States v. Birnstihl, 441 F.2d 368 (9th Cir. 1971). Similarly, we think that a jury may infer from the facts that the properly addressed mail contained in a readily identifiable United States mailbag, recently placed for collection adjacent to a mail collection box, has never been received by the addressee, and that the bag and mail therein have been found in the defendant's possession, the further fact that the possessor stole the bag from where it had been placed adjacent to the collection box.

Even without such an inference, the jury could conclude that one in possession of recently stolen property knows that it is stolen absent a satisfactory explanation. United States v. Garrett, *supra*; Morandy v. United States, 170 F.2d 5 (9th Cir. 1948), cert. denied, 336 U.S. 938, 69 S.Ct. 741, 93 L.Ed. 1097 (1949).

Our conclusion is that the evidence with respect to count two, possession of the stolen mailbag, was properly admitted and fully sufficient.

The defendant also argues that there is insufficient evidence that the defendant had possession of the property described in the indictment with knowledge that it had been stolen.

 "Possession" as used in the indictment may mean actual possession or constructive possession. United States v. Cousins, 427 F.2d 382 (9th Cir. 1970). The jury was carefully instructed on the requirements for a finding of constructive possession. Here the evidence indicated that the defendant was

---

2. Where the search and seizure is by private persons not assisted by or arranged for by the police, the Fourth Amendment does not apply. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921); Eisentrager v. Hocker, 450 F.2d 490 (9th Cir. 1971); Low v. United States, 391 F.2d 61 (9th Cir.), cert. denied, 393 U.S. 849, 89 S.Ct. 136, 21 L.Ed.2d 119 (1968).

3. R.T. at 280-81.

a co-star in the entire performance. Miss Pickerine testified at the instance of the appellant that the man who accompanied her to the Sears store had given her the check and the false identification. She said he was Gerald Brown. The witnesses from the store, however, identified appellant as the man. The jury was justified in inferring from these facts that appellant had actual possession of the check before delivering it to Pickerine. This is consistent with other facts already related. We have no difficulty in holding on the entire evidence that the jury was justified in finding possession of the check, actual or constructive, by appellant.

Appellant's final contention is to urge a mistrial because of certain rulings of the trial judge in handling the admission of evidence. We find these contentions to be without merit.

The judgment is affirmed.