**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Spruill BEASLEY, Defendant-**
**Appellant.**

**No. 72–1825.**

United States Court of Appeals,
Ninth Circuit.

April 5, 1973.

David M. Rothman, Beverly Hills, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., D. Henry Thayer, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before WRIGHT and WALLACE, Circuit Judges, and EAST,* District Judge.

WALLACE, Circuit Judge:

Beasley was convicted of the interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. His appeal alleges two errors: that certain evidence at the trial should have been suppressed since it was obtained in violation of the Fourth Amendment and that the trial court erred in not answering a question propounded by the jury. We affirm.

Beasley was driving a 1971 Lincoln with two passengers when the California Highway Patrol stopped him for speeding. Both officers noticed that, although this late-model vehicle should have had blue and gold California license plates, it had the older black and gold ones. The driver stated he was John Beasley and produced a Xerox copy of a California vehicle registration for the vehicle. The registration showed that Patrick Brady owned the car. Beasley claimed that Brady was his roommate and had given him the permission to drive the Lincoln.

Officer Thompson proceeded to fill out a speeding citation while Officer Cross radioed Highway Patrol headquarters. A record check there revealed that the license plates on the car belonged to a 1965 Pontiac and that the vehicle identification number on the copy of the registration was for a 1969 Pontiac belonging to Beasley. Cross then noted that the vehicle identification number on the Lincoln (which was in plain view) was different from that on the Xerox copy of the registration slip presented. By similar radio record check, he was advised the car was registered to Avis-Rent-A-Car.

Armed with this information, the officers requested that Beasley accompany them from alongside the busy highway to the Highway Patrol office 11 miles away. Once at the station, Cross was told by his superior officer to search the car for the "packing slip" and any Avis identification numbers. The "packing slip" is a packet secreted in the automobile by the manufacturer which contains certain information including the vehicle identification number.

During this search, he looked in the glove compartment and saw an Enco credit card receipt. After they determined the car was stolen, it was seized and later introduced at trial. While searching under the front seat, one of the places where "packing slips" are hidden, Cross discovered a wallet. He looked inside the wallet and found that the wallet belonged to Steven Shannahan. When asked about the wallet, Beasley replied that he did not know Shannahan and that the wallet did not belong to him. The wallet was also introduced at the trial.

The trial judge did not state the basis for his denial of the motion to suppress. It is possible that the true owner, Avis, gave permission to the Highway Patrol by telephone for the search, but the record is unclear on this point. And unaided by any finding of fact, we are unable to draw such an inference.

■■ The totality of the facts, including those which Cross obtained by radio while Beasley was stopped on the highway, constituted sufficient probable cause. This probable cause, together with the requisite exigencies, allowed a warrantless search. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L. Ed. 543 (1925). But, in the instant case, the officers did not search on the highway; rather they requested Beasley to follow them to the California Highway Patrol office. "The probable-cause factor still obtained at the station house and so did the mobility of the car unless the Fourth Amendment permits a warrantless seizure of the car and the denial of its use to anyone until a warrant is secured. In that event there is little to choose in terms of practical consequences between an immediate search without a

* Honorable William G. East, United States District Judge, Eugene, Oregon, sitting by designation.

warrant and the car's immobilization until a warrant is obtained." Chambers v. Maroney, 399 U.S. 42, 52, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970). *See* United States v. Barron, 472 F.2d 1215 (9th Cir., 1973) [1] In the instant case, mobility was still a factor as neither Beasley nor his companions were under arrest at the time of the search. In fact, mobility existed to a greater degree than in *Chambers* where the defendants were under arrest. 399 U.S. at 52 n. 10, 90 S.Ct. 1975.

Therefore, we hold that the search for the "packing slip" was reasonable under the circumstances. Chambers v. Maroney, *supra*; United States v. Ellison, 469 F.2d 413 (9th Cir. 1972); United States v. Ellis, 461 F.2d 962 (2d Cir. 1972). *See also* United States v. Zemke, 457 F.2d 110 (7th Cir.), cert. denied, 406 U.S. 947, 92 S.Ct. 2051, 32 L.Ed.2d 335 (1972).

There is nothing in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) to the contrary. The rule of *Chambers* is adhered to in the majority (*id.* at 478–82, 91 S.Ct. 2022) [2] and the plurality (*id.* at 458–60, 91 S.Ct. 2022) segments of the opinion. *See* United States v. Ellison, *supra*; United States v. Zemke, *supra*.

■■■ While properly searching for the "packing slip," Cross found the wallet under the front seat. It was rea-sonable and legally permissible for him to open it for the limited purpose of determining ownership. This is especially true when he found it in a car which he had reason to believe belonged to a rental agency. Limited and reasonable measures can be taken by a law enforcement official to protect property obvious to him and left in an automobile in his custody. *See* Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed. 2d 1067 (1968); United States v. Mitchell, 458 F.2d 960, 961–62 (9th Cir. 1972).

■ After approximately two hours of deliberation, the jury sent out a note stating: "Do we the jury have to be sure beyond all doubt that Beasley knew it [the car] was stolen?" The court did not answer the question and the jury returned the verdict some three hours later. Although Beasley's attorney was aware of these developments at some point prior to the return of the verdict, no objection was made. Beasley has failed to demonstrate the requisite plain error. Wilson v. United States, 422 F.2d 1303 (9th Cir. 1970). "The necessity, extent and character of additional instructions are matters within the sound discretion of the trial court." 422 F.2d at 1304 (citations omitted).

Affirmed.

EUGENE A. WRIGHT, Circuit Judge, concurs in the result.

---

1. The reasoning of the Court in *Chambers* is significant:

   Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the "lesser" intrusion is permissible until the magistrate authorizes the "greater." But which is the "greater" and which the "lesser" intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment. 399 U.S. at 51–52, 90 S.Ct. at 1981.

2. "And as to the automobile exception, we do not question the decisions of the Court in . . . Chambers v. Maroney . . . ." 403 U.S. at 482, 91 S.Ct. at 2047.