Gregory P. MATHIS, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Sept. 21, 1977.

Paul W. Sorrick, Jr., Chattanooga, for appellant.

Brooks McLemore, Jr., Atty. Gen., Linda Ross Butts, Asst. Atty. Gen., Nashville, Stanley J. Lanzo, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

DAUGHTREY, Judge.

Following a bench trial, the defendant-appellant was found guilty of carrying a weapon with the intent to go armed (T.C.A. § 39–4901) and possession of a citizens band radio from which the serial number had been altered or removed (T.C.A. § 39–4252). The trial judge imposed two concurrent sentences of eleven months and twenty-nine days.

On appeal the defendant challenges (1) the validity of his arrest, (2) the admissibility of certain evidence seized from the trunk of his automobile, and (3) the overall sufficiency of the evidence to support the weapons conviction. We affirm both convictions.

At approximately 3:00 A.M. on June 6, 1976, two police officers went to a Chattanooga Holiday Inn in response to a motel customer's complaint that a C.B. radio had been stolen from his automobile during the night. The officers circled the building and noticed a car bearing local license tags parked in the back parking lot, with one person sitting in the back seat. As the officers approached the car, a second person rose up into view in the front seat and began to drive the car out of the parking lot.

The officers stopped the car at the exit to the parking lot. As they did so, the person in the back seat leaned down "as if to hide something." After voicing a warning to his partner that the man in the back seat "had something," one of the officers ordered the two occupants out of the car and made a cursory visual inspection of the vehicle from outside the automobile. He saw on the back floorboard two loaded .22 pistols and a coathanger "bent in the manner commonly used to unlock automobiles." The officers arrested the defendant, who had been driving the car, and his companion, charging both with carrying a dangerous weapon with the intent to go armed.

At this point the officers also interviewed the complaining party and inspected his automobile in the motel parking lot. The vehicle bore scratches where it had been broken into, and a C.B. radio had been removed from it. Armed with this knowledge, the officers then made a search of the trunk of the defendant's automobile and found a portable television and three C.B. radios. The serial number had been removed from one of the radios, but as it

turned out, the unit stolen from the motel customer whose car had just been burglarized was not among those found in the defendant's car.

■■■ At the time of his arrest, the defendant told conflicting versions of how he happened to be at the Holiday Inn with the two pistols and the other items in his car. He changed his story a third time when he testified at trial. He now attacks the validity of his arrest on the weapons charge and the sufficiency of the evidence to support that conviction. We think the trier of fact was justified under all the circumstances in concluding that the defendant was in possession of the weapons found in his automobile. *Marie v. State,* 204 Tenn. 197, 319 S.W.2d 86 (1958); *Peters v. State,* 521 S.W.2d 233 (Tenn.Cr.App.1974). Certainly we are unable to say that the evidence preponderates against the verdict of the trial judge, as required in order to reverse on the basis of the evidence. *McBee v. State,* 213 Tenn. 15, 372 S.W.2d 173 (1963). It follows also that the arrest was valid, because the offense was committed in the presence of the officers. T.C.A. § 40–803(1).

■ The defendant's attack on the search and seizure must also fail. There can be little doubt that the officers' initial stop of the defendant's automobile was based on well-founded suspicion. The existence of a theft complaint, the presence of a local automobile in the motel parking lot at a late hour, and the suspicious activities of the occupants of the vehicle combined to provide the officers with a reasonable basis to make the initial investigative stop. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1971); *State v. McLennan,* 503 S.W.2d 909 (Tenn.1973); *Hawkins v. State,* 543 S.W.2d 606 (Tenn.Cr.App.1976). When they then found the occupants armed with loaded weapons and in possession of a car burglary tool, near the time and place of an actual automobile burglary and theft, the officers had probable cause to believe that the two men were involved in the commission of that burglary and theft. The existence of probable cause, together with the exigency created by the mobility of the automobile, made the warrantless search of the trunk of the automobile reasonable for constitutional purposes. *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). This is true, of course, even though the subsequent search did not turn up the radio unit for which the officers were searching. *Hill v. State,* 516 S.W.2d 361 (Tenn.Cr.App.1974).

In *Chambers* the United States Supreme Court discussed the warrant requirement of the Fourth Amendment, and once again reiterated the proposition that "automobiles and other conveyances may be searched without a warrant in circumstances that would not justify the search without a warrant of a house or an office, provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize." 399 U.S. at 48, 90 S.Ct. at 1979. The Court said further:

> Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the "lesser" intrusion is permissible until the magistrate authorizes the "greater." But which is the "greater" and which the "lesser" intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.

*Id.* at 51–2, 90 S.Ct. at 1981. The distinction drawn in *Chambers* and in earlier decisions between warrantless searches of automobiles and warrantless searches of houses and offices has been maintained in post-*Chambers* cases. *See, e.g., Cady v. Dombrowski,* 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973); *Texas v. White,* 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975); *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 45 L.Ed.2d 1000 (1976).

■ We recognize that when they interpret state constitutional provisions, state courts may take a more protective view of the rights to be afforded a criminal defendant than that mandated by federal constitutional standards. *Oregon v. Hass,* 420 U.S. 714, 719, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975). However, in the area of automobile searches the Tennessee Supreme Court has apparently declined to do so, relying instead on the recognized dimensions of existing federal constitutional interpretation. *See, e.g., Fuqua v. Armour,* 543 S.W.2d 64 (Tenn.1976); *State v. Hughes,* 544 S.W.2d 99 (Tenn.1976). We therefore conclude that the warrantless search in this instance was constitutionally reasonable under the *Chambers* rationale, and that the trial judge committed no error concerning the admissibility of the items seized from the defendant's automobile.

The judgment of the trial court is affirmed.

GALBREATH, J., and SAM L. LEWIS, Special Judge, concur.

GALBREATH, Judge, dissenting.

With all due respect to the position of the majority to the effect that the search in this case falls under the exception to the Fourth Amendment requirement of a warrant discussed in *Chambers v. Maroney, supra,* I believe such a holding would unduly extend a rather questionable procedure. *Chambers* stood mainly for the proposition that *if* the right to search incident to a lawful arrest existed at the time the occupants of an automobile are taken into custody, those occupants have nothing to constitutionally complain about if the warrantless search does not take place contemporaneous with the arrest but is delayed until after the car is impounded and removed from the scene of the arrest. The right to search without a warrant should not, it seems to me, extend further than the necessity attending the arrest itself. An arrest for murder should, if necessary to an investigation of the crime, be accompanied by a search for the murder weapon. An arrest for robbery would ordinarily, as in *Chambers,* justify a search for the fruits of that crime.

In this case the arrest was for carrying a pistol with the intent to go armed. Any search to secure evidence of the commission of this offense was completely unnecessary since the inadvertent finding of the pistols preceded the arrest. I am of the old school that believes when there is ample opportunity to seek a search warrant, it should be sought. The mere suspicion (proved groundless, by the way) that the defendants had just committed a theft at the motel did not rise to the level of the positive information the officers in *Chambers* had that a robbery had been committed by described suspects in a rather unique appearing "light blue compact station wagon."

The intrusive effect of the *Chambers* rule has, in my opinion, seriously infringed upon the right of privacy our automotive populace formerly took for granted. I do not favor extending that rule.

I, therefore, must respectfully dissent.