64 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christian G. NADAL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Doris NADAL, Defendant-Appellant.
 No. 93-50849, 93-50851.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1994.
Decided Aug. 17, 1995.
 
 Before: FARRIS, POOLE, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In these companion cases, Christian and Doris Nadal appeal their convictions and sentences, following a jury trial, for conspiring to manufacture, transfer and possess machineguns and silencers in violation of 18 U.S.C. Sec. 371. Christian also appeals his conviction for transferring and possessing machineguns in violation of 18 U.S.C. Sec. 922(o)(1) and unregistered silencers in violation of 26 U.S.C. Sec. 5861(d) & (e). We affirm the convictions and sentences of Christian, but reverse the conviction of Doris Nadal.
 
 
 3
 These cases arise out of the attempted infiltration of a white-separatist organization by undercover agents of the Federal Bureau of Investigation. From early 1992 to mid-1993, Christian Nadal had contact with the undercover agents over 145 times by telephone and 20 times in person. During several of those encounters, Christian sold the agents illegal weapons and parts.
 
 
 4
 * Christian Nadal
 
 
 5
 Christian's primary contention is that he was entrapped as a matter of law by the FBI agents. We review questions of law de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984). However, unless entrapment can be decided as a matter of law, " 'the issue of whether a defendant has been entrapped is for the jury as part of its function of determining the guilt or innocence of the accused.' " United States v. Mkhsian, 5 F.3d 1306, 1309 (9th Cir.1993) (quoting Sherman v. United States, 356 U.S. 369, 377 (1958)).
 
 
 6
 To justify an acquittal based on entrapment as a matter of law, there must be undisputed evidence that an innocent person was induced to commit an illegal act by government agents. See Mkhsian, 5 F.3d at 1309; United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992). The record here shows the evidence to be in dispute, and therefore, we must examine the facts. It is inappropriate, however, for an appellate court to disturb a jury's finding unless, viewing the evidence in the light most favorable to the government, no reasonable jury could have concluded that the defendants were predisposed to commit the charged offenses. See United States v. Hart, 963 F.2d 1278, 1283 (9th Cir.1992).
 
 
 7
 There are two elements to the defense of entrapment: (1) government inducement of the crime, and (2) the absence of predisposition on the part of the defendant. United States v. Davis, 36 F.3d 1424, 1430 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995). Though the government may have induced Christian's actions, the predisposition prong of this inquiry was not met. In evaluating predisposition, a reasonable jury could have concluded that Christian was predisposed to arms trafficking, because far from being reluctant to interact with the FBI agents, he appeared willing to engage in the weapons trade. We will not disturb the jury's credibility determinations.[1]
 
 
 8
 Christian's other claims are also meritless. The district court properly formulated its original jury instructions and delivered those instructions the day before Mkhsian, a decision which changed the standard for entrapment jury instructions, was published. The district court recalled the jury after one hour of deliberation and gave new entrapment instructions in light of Mkhsian, but did not allow Christian to reargue before the jury. Such re-instruction did not violate Fed.R.Crim.P. 30 because under such unusual circumstances, the giving of supplemental instructions was clearly within the discretion of the trial court. United States v. Wilson, 422 F.2d 1303, 1304 (9th Cir.1970) ("The necessity, extent and character of additional instructions are matters within the sound discretion of the trial court."); see also United States v. Gaskins, 849 F.2d 454, 459 (9th Cir.1988).
 
 
 9
 The district court did not err in instructing the jury concerning the nature of permissible undercover activities. The court's instructions were virtually identical to language that we previously upheld. See United States v. North, 746 F.2d 627, 630-31 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985), disapproved on other grounds, Mkhsian, 5 F.3d at 1311.
 
 
 10
 Christian's contention that his convictions under 18 U.S.C. Sec. 922(o)(1) must be overturned because he was acting under the authority of an agent of the United States is frivolous. Christian had no knowledge that he was interacting with government officials at the time of the transactions, and thus he was not acting pursuant to governmental authority.
 
 
 11
 Also frivolous is his claim that the enactment of 18 U.S.C. Sec. 922(o)(1) precludes his convictions under 26 U.S.C. Sec. 5861. Christian was convicted under Sec. 5861 for possession of silencers, not machineguns, and the possession of silencers is not proscribed by Sec. 922.
 
 
 12
 Lastly, Christian raises a plethora of claims regarding his sentence. The district court did not err in computing the offense level by adding five levels for transferring 38 weapons, and adding two levels for altered serial numbers. The weapons that the district court counted in its calculation met the definitional requirements of 26 U.S.C. Sec. 5845, and there was expert testimony that the machineguns were operable. Regarding the altered serial numbers, the Cobray machinegun functioned properly, as demonstrated at the trial, and was thus accurately counted. Christian may not have known about the obliteration of the serial number on one of the other guns, but that is of no consequence. U.S.S.G. Sec. 2K2.1(b), cmt. 19.
 
 
 13
 The district court did not err in adjusting Christian's sentence level upward for obstruction of justice. Christian perjured himself by testifying that he was reluctant to supply firearms, that he believed his activities were legal, and that he lacked knowledge about machineguns. See U.S.S.G. Sec. 3C1.1, cmt. 3(b).
 
 
 14
 The court also did not err in refusing the two-level reduction suggested by the probation officer for acceptance of responsibility. Although the defense of entrapment and a reduction for acceptance of responsibility are not necessarily incompatible, United States v. Molina, 934 F.2d 1440, 1451 (9th Cir.1991), the sentencing judge must consider all the evidence bearing on the issue of the defendant's contrition and decide whether he has made the requisite showing. Davis, 36 F.3d at 1424; see also United States v. Marquardt, 949 F.2d 283, 286 (9th
 
 
 15
 Thus, it is not enough that Doris accompanied her husband to two meetings where weapons were sold. See United States v. Lopez, 625 F.2d 889, 894-95 (9th Cir.1980) (accompanying criminals to a crime scene and being present during an illegal transfer constitutes insufficient evidence, even where the defendant admits knowing what was going on). Doris' knowledge about the silencer, springs, and the word "toys," and her warning against shooting guns over the water, were also consistent with the actions of a person who was not a conspirator. Cf. United States v. Ramos-Rascon, 8 F.3d 704, 709 (9th Cir.1993) (knowledge of only some aspects of criminal activity is insufficient to prove connection to conspiracy).
 
 
 16
 We do not substitute our judgment for that of the jury's. Rather, because no reasonable jury could draw the inference from the evidence presented that Doris participated in the conspiracy, we must reverse her conviction.[2] See Jackson, 443 U.S. at 318-19.
 
 
 17
 AFFIRMED IN PART; REVERSED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Christian's reliance on United States v. Jacobson, 112 S.Ct. 1535 (1992) and United States v. Hollingsworth, 27 F.3d 1196 (7th Cir.1994) (en banc) is misplaced. This case is easily distinguished from the blatant badgering to buy child pornography that took place for over two years in Jacobson. We choose not to endorse the Seventh Circuit's recently announced alteration of entrapment law in Hollingsworth, which differentiates between "willing" and "ready" dispositions
 
 
 [2]
 In light of our decision reversing Doris' conviction, we need not reach her remaining arguments