STATE *vs.* GORDON G. HARRIS.

JUNE 9, 1959.

PRESENT: Condon, C. J., Roberts and Paolino, JJ.

204

ROBERTS, J. This is an indictment charging Gordon G. Harris with murder. Because the defendant was under the age of eighteen years, a waiver of jurisdiction by the juvenile court was sought and obtained. In the superior court he pleaded not guilty, and from the record it is clear that he raised the defense of insanity although we are unable to find a formal plea to that effect. He was thereafter tried before a justice of that court sitting with a jury and convicted of murder in the first degree. The defendant thereupon filed a motion for a new trial, which was denied, and he has duly prosecuted his bill of exceptions to this court.

The state sought to prove that on February 17, 1956 in the city of Pawtucket defendant, who was sixteen years of age, shot and killed his mother Evelyn A. Harris. The alleged offense occurred in a trailer park operated by his father. It appears from evidence adduced by the state that defendant lived with his parents, a younger brother, and a younger sister at 200 Courtney avenue in Pawtucket. At approximately 9:30 a.m. on February 17 four or five shots were heard in the vicinity of the trailer park. Immediately thereafter defendant's mother was found lying on the ground in front of a trailer which was located near the Harris trailer. When Mrs. Harris was first observed on the ground, a person later identified as defendant was standing over her. There was testimony that when a neighbor approached the scene to assist his mother, defendant was seen

running away. There was medical testimony that Mrs. Harris died of a gunshot wound through the chest.

Two police officers who had been in the vicinity apprehended defendant near the scene of the alleged shooting. He was taken to the Pawtucket police station where several hours later he signed a confession. He admitted therein that shortly after 8:30 a.m. he had gone to a trailer owned by Donald E. Kirk and had taken therefrom two rifles and a pistol. His confession stated that he placed the pistol in his belt and proceeded to look for his mother, eventually finding her inside a neighboring trailer. He admitted that when he obtained the pistol from the Kirk trailer it was his intention to shoot his mother. His confession relates that while his mother was standing in the doorway of the trailer in which he discovered her, he fired several shots directly at her and she fell to the ground outside the trailer.

During the trial a substantial issue was raised with respect to the defense of insanity. Expert testimony on this question was presented both by the defense and by the state in rebuttal. Counsel for both sides went into much detail with respect to defendant's background and his mental condition. There was a direct conflict in the expert testimony as to whether at the time of the alleged offense he was capable of knowing the nature and quality of his act.

The defendant has pressed most of the sixty exceptions set forth in his bill. These exceptions are grouped as follows: First, an exception to the denial of the motion for a new trial; second, exceptions relating to certain rulings upon evidence; and third, exceptions to portions of the trial justice's charge to the jury. Because of the conclusions which we have reached, we find it unnecessary to consider the exception relating to the denial of the motion for a new trial. We will first consider the challenged portions of the trial justice's charge.

The defendant's exceptions numbered 56 and 58 pertain to portions of the charge in which the trial justice instructed the jury with respect to the insanity defense. It is contended first, that the trial justice erroneously instructed the jury as to the requirement of a unanimous verdict, and secondly, that he invaded the province of the jury with respect to important issues of fact.

Exception numbered 56 is directed to the language employed by the trial justice in speaking of the burden of proof on the issue of insanity. After stating that the burden of proving insanity by a fair preponderance of the evidence rested upon defendant, the trial justice instructed the jury as follows:

"Should, however, after weighing carefully all the evidence, you should find yourselves unconvinced of the truth of the defendant's plea, then the defendant must be deemed to have failed in his proof. In which event, the presumption of the defendant's sanity survives and your conclusion and finding of guilt under the first plea remains unchanged. Furthermore, if you should find that the evidence for and against the defendant's plea of insanity simply balances evenly, *so that you cannot agree* on a finding, the defendant again must be held to have failed in his proof, and in this event also the presumption of the defendant's sanity survives, and, your original finding of guilt remains unchanged.

"Again, if after weighing the evidence carefully, *though you can't agree,* there should however still remain a doubt in your minds about the defendants sanity, then you must find that the defendant's plea has failed again. In which event, the presumption of his sanity survives and must prevail, and your finding of guilty under the first plea still stands. If accordingly you find that the defendant's plea of insanity has failed of sufficient proof *and that you cannot agree or that you cannot agree* upon a finding or that all you have about it is a doubt and that, as the law requires, the presumption of his sanity survives and prevails, you will thereupon return to the Court as your verdict

the finding you have made under the first plea." (italics ours)

In our opinion the above-quoted portion of the charge contains prejudicial error. It is fundamental that the verdict of a jury must be unanimous. "In criminal cases this requirement of unanimity extends to all issues—character or degree of the crime, guilt and punishment—which are left to the jury. A verdict embodies in a single finding the conclusions by the jury upon all the questions submitted to it." *Andres* v. *United States,* 333 U. S. 740, 748. The jury's determination on an insanity defense is as demanding of unanimity as is the determination on the plea of not guilty. *People* v. *Chamberlain,* 7 Cal.2d 257.

It is the rule in this state that where a defendant has raised the plea of insanity he has the burden of proof with respect thereto. *State* v. *Quigley,* 26 R. I. 263. Therefore it was appropriate for the trial justice to instruct the jury that "the presumption of his sanity" would survive unless the jury were convinced that defendant was insane. Manifestly, however, there is a vast difference between an instruction as to the persuasiveness of evidence and an instruction as to *agreement.* If the jury could not agree upon defendant's sanity then no verdict could be reached.

The state argues that, notwithstanding any error in the trial justice's language with respect to agreement, such error was not in the context of the entire charge prejudicial. In support of this contention the state refers to the following portion of the charge which immediately preceded the language previously quoted:

"If the evidence should, therefore, satisfy you all by a fair preponderance of its weight, that is, by its greater convincing force and persuasive effect, that at the time of the fatal shooting, the defendant was suffering from a diseased mind which affected his reason, and that as a result he was unable to appreciate the nature and quality of his act, or, if he did, he did not know what he did was wrong, then your duty undeniably is

to acquit him. In this event, in reporting your verdict you will state it to be 'not guilty, by reason of insanity.'"

We cannot agree that the error relating to the requirement of unanimity was cured by a correct statement of the burden of proof given earlier in the charge. The trial justice unequivocally instructed the jury that if they could not agree on the insanity defense, then they should find the defendant guilty. The prejudicial effect of a basic error of this kind is not removed merely by a correct statement of the law elsewhere in the charge. See *G. W. McNear, Inc.* v. *American & British Mfg. Co.*, 42 R. I. 302. It is certain, at least, that the above-quoted portions of the charge tended to confuse the jury with respect to their consideration of the insanity defense. In other jurisdictions it has been held that a mere failure to instruct a jury upon the requirement of unanimity is reversible error. *Andres* v. *United States, supra; People* v. *Hicks,* 287 N. Y. 165; *People* v. *Green,* 47 Cal.2d 209; *United States* v. *Puff,* 211 F.2d 171. See also *State* v. *Bunk,* 4 N. J. 461. We are clearly of the opinion that a definite instruction that unanimity is not necessary is sufficient to require reversal.

The defendant's exception numbered 58 refers to the trial justice's discussion of the evidence on insanity. The defendant contends that the trial justice invaded the province of the jury when he instructed the jury as follows:

"Here, if you look deeply at the testimony of both the police and Dr. Mongillo, you will find that there seems to emerge a fairly clear picture of the defendant: A child born in a family where strife and tension reigned due to a drinking father and a doting mother; a child who grew up without discipline or restraint; a child whose natural inclination for evil was suffered to grow unfettered and uncurbed; a child who hated work and school, and who preferred to live in luxury and in idleness, and in the gratification of his selfish desires; a child who was left to approach his adolescence without benefit of family restraint or discipline,

and who soon grew to hate and revolt against discipline when occasionally discipline sought to block his way to sin. or evil; a child who, thus lacking in moral and character training, soon lost all sense of moral values and eventually looked upon society and upon its laws, which he repeatedly violated, as rules of conduct to be ignored and despised; and a child who, inevitably reached the summit of his youth by killing and, sad to say, by killing his own mother. This is a picture based on facts gleaned from the defendant's own statements to Dr. Mongillo and to the police. Is it the picture of a young criminal or that of a mentally sick youth? This is the problem you have to solve."

It is our opinion that in the use of the language quoted immediately above the trial justice invaded the province of the jury. This court has held, both in civil and criminal cases, that where a trial justice chooses to comment upon evidence he must use caution to be completely impartial during the course of such comment. *Miller* v. *Bessette,* 80 R. I. 187; *State* v. *Douglas,* 78 R. I. 60; *State* v. *Lynott,* 5 R. I. 295; *Demara* v. *Rhode Island Co.,* R. I., 103 Atl. 708. He must avoid conveying to the jury his impression of the proper weight to be given to any of the testimony. *Pompei* v. *Cassetta,* 63 R. I. 74; *Scott* v. *McGroarty,* 48 R. I. 79.

In *State* v. *Degree,* 86 R. I. 200, 203, 133 A.2d 763, 764, we noted: "In holding that any invasion of the province of the jury could not have harmed the one against whom it found, we must be careful that we ourselves are not invading that very province and especially in a criminal case." In the charge in the instant case the jury were flatly told that defendant killed his mother. This issue had been disputed strenuously by the defendant throughout the trial. However strong the evidence may have appeared to the trial justice on this question, it was improper to suggest to the jury a definite resolution of this contested issue of fact. The same is also true with respect to defendant's san-

ity. The language used in the charge tended to suggest to the jury the trial justice's opinion upon the weight of the expert testimony with respect to defendant's mental condition.

Because we sustain defendant's exceptions numbered 56 and 58 as discussed above, it is unnecessary for us to consider other exceptions contained in the bill. However, since a new trial will be necessary, and since the previous trial was lengthy and the record before us is extensive, we deem it advisable in the interest of an efficient administration of justice to discuss briefly an additional exception urged by defendant. See *State* v. *Fenik*, 45 R. I. 309. In so doing we do not imply any conclusions with respect to other issues which we feel may not become relevant in the next trial.

The defendant's exception numbered 10 pertains to the admission in evidence of testimony concerning a prior crime allegedly committed by him. The circumstances under which this testimony was allowed are as follows. Donald E. Kirk, a witness for the state, testified that on the morning in question his trailer had been broken into and a pistol and two rifles had been stolen therefrom. He testified that defendant had reason to know that Kirk kept guns in his trailer. He was asked how defendant knew of the presence of the guns. The defendant's objection to this question was overruled. The witness then answered that approximately two months prior to the date in question this same defendant had broken into the trailer and had stolen therefrom other weapons. The defendant thereupon moved for a mistrial and the trial justice denied his motion.

It is not necessary for us to decide whether the admission of this testimony could constitute ground for a mistrial and we do not pass on that question. However, we agree with defendant's contention that it was error to admit this testimony in evidence. It is a general rule that evidence of prior criminal conduct is inadmissible. See *State* v. *Dur-*

*kee,* 68 R. I. 73, and *State* v. *Horton,* 47 R. I. 341. An exception to this rule is that such conduct may be shown where it tends to establish criminal intent as to the offense in question. *State* v. *Colangelo,* 55 R. I. 170; *State* v. *McDonald,* 14 R. I. 270.

In the instant case the state attempted to bring evidence of the defendant's previous theft within the above exception on the ground that the defendant's knowledge that there were firearms in the Kirk trailer was relevant to the issue of premeditation. However, it had already been established that the defendant had in fact stolen a pistol on the morning in question. In the circumstances, therefore, we are of the opinion that such relevance as there may have been in this testimony was clearly outweighed by the obvious prejudicial effect of showing prior criminal conduct.

The defendant's exceptions numbered 10, 56 and 58 are sustained, and the case is remitted to the superior court for a new trial.

*J. Joseph Nugent,* Attorney General, *Raymond J. Pettine,* Assistant Attorney General, for State.

*Aram A. Arabian,* Public Defender, for defendant.