STATE *vs.* ANDREW GANNITES.

JUNE 24, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is an indictment charging the defendant with the murder of a police officer. After a plea of not guilty he was tried before a justice of the superior court sitting with a jury. During the course of the trial he set up the defense of insanity. He was thereafter convicted of murder in the first degree. The case is before us on the defendant's exceptions to evidentiary rulings, to certain portions of the charge to the jury, and to the denial of the defendant's motion for a new trial.

After a careful examination of the entire record it is our opinion that a certain portion of the instructions to the jury constitutes prejudicial error. *State* v. *Harris,* 89 R. I. 202, 152 A.2d 106. For this reason we shall only consider defendant's exception numbered 143 which challenges the legality of such portion of the charge.

That exception relates to the instructions given by the trial justice in outlining to the jury the law applicable to the question of the burden of proof on the issue of the defense of insanity. After stating that the burden of proving insanity by a fair preponderance of the evidence rested upon defendant, the trial justice further instructed the jury

with respect to such defense as follows: "When the evidence is evenly balanced, the plea fails. *If you cannot agree upon a finding of insanity, his plea again fails.* If the evidence leaves a doubt in your minds about his sanity, that is insufficient also to support the plea. It does not avail him." (italics ours)

The defendant contends that in charging that his plea would fail if the jury could not agree upon a finding of insanity, the trial justice was in effect telling them that unanimity was not required on the issue of insanity. He further contends that under our decision in *State* v. *Harris, supra,* such instruction is clearly prejudicial and reversible error. On the other hand the state contends that the charge as given in no way implies that unanimity is not required on the issue of insanity.

The narrow issue raised by defendant's exception relates solely to language which, in our opinion, was an instruction that the jury should find defendant guilty if they could not agree on a finding on the defense of insanity, and therefore was in effect an instruction that unanimity was not required in disposing of such issue. The state's contention to the contrary is lacking in merit. The determination of the issue before us is controlled by our decision in the *Harris* case, where, in discussing a similar instruction, this court stated at page 110, "It is certain, at least, that the above-quoted portions of the charge tended to confuse the jury with respect to their consideration of the insanity defense. * * * We are clearly of the opinion that a definite instruction that unanimity is not necessary is sufficient to require reversal."

In considering the instant exception we have carefully examined the language of the court in *State* v. *Quigley,* 26 R. I. 263, which established the rule in this state that in a criminal case, if the accused sets up the defense of insanity, the burden is upon him to prove the same by a fair preponderance of the evidence. But that case lends no sup-

port to the proposition that unanimity of the jury is not required in determining such issue. Once the defense of insanity is set up the jury must unanimously agree on a finding on such issue one way or the other. This fundamental principle of law was clearly stated in the *Harris* case where we said at page 109, "If the jury could not agree upon defendant's sanity then no verdict could be reached."

We have also considered the state's claim that there is no evidence of insanity in the record. The short answer to such contention is that the trial justice assumed there was some evidence on this issue and instructed the jury accordingly. In fact he charged that it was for them to determine whether the defendant's plea of insanity had been proved. We are not concerned at this time with the question of what transpired in the jury room, since we have no way of knowing whether the jury found that defendant was sane or whether their verdict was based on a disagreement on this issue. The only question before us is the correctness of the challenged instruction and its prejudicial effect on the jury.

We are not unmindful of the seriousness of the offense with which the defendant is charged. However, in considering the question of law raised by the instant exception it is our duty to determine only whether the verdict was reached in accordance with law. In our opinion the determination of the issue before us is controlled by our decision in *State* v. *Harris, supra.* In accordance therewith we conclude that the challenged instruction is prejudicial error requiring a new trial. In view of such conclusion we need not consider the defendant's other exceptions.

The defendant's exception numbered 143 is sustained, and the case is remitted to the superior court for a new trial.

FROST, J., dissenting. I am unable to concur in the majority opinion for the following reasons.

Exception numbered 143 was to the instructions of the trial justice to the jury when he said in speaking of the

plea of insanity, "When the evidence is evenly balanced, the plea fails. If you cannot agree upon a finding of insanity, his plea again fails. If the evidence leaves a doubt in your minds about his sanity, that is insufficient also to support the plea. It does not avail him." I assume that by the last sentence the trial justice meant that to find the defendant not guilty by reason of insanity there must be more than a doubt of his sanity; there must be a positive finding by a fair preponderance of the credible evidence that he was insane. In my opinion no one of the sentences quoted was an erroneous statement.

In *State* v. *Harris*, 89 R. I. 202, 152 A.2d 106, which is the law of the state, this court said that to find a defendant guilty the jury must be unanimous and to reach a verdict of not guilty by reason of insanity there must be a like unanimity. As I see it, no one of the three sentences quoted is a statement contrary to the law of the *Harris* case. There was no testimony from a physician or any other person that the defendant was insane at the time of the shooting.

The jury in this case, after some deliberation, asked that the testimony of Bernard C. Schaeffer be read to them. That was done. The jury retired in the morning after the trial justice's charge and reported a verdict at 6:25 p.m. The jurors were individually polled.

If there is a question of the clearness of the instruction to which exception was taken, which I do not find, I would use the language of Mr. Justice Douglas in *State* v. *Quigley*, 26 R. I. 263, where he said at page 278, "In view of the overwhelming preponderance of the whole evidence that the accused was guilty of willful murder, we can not assign to the error, if it was one, any appreciable influence on the minds of the jury."

I have read the transcript of evidence. In my judgment the defendant had a fair trial, and I would overrule all the exceptions and remit the case to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Raymond J. Pet-tine,* Assistant Attorney General, for State.

*Aram A. Arabian,* Public Defender, for defendant.