[No. E006824. Fourth Dist., Div. Two. July 19, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH ALOYSIUS McINTYRE, Defendant and Appellant.

COUNSEL

Kassel & Kassel and Philip Kassel for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Janelle B. Davis and Pamela A. Ratner, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**DABNEY, J.**—An information charged defendant, Joseph Aloysius McIntyre, with sale or transportation of marijuana in count I (Health & Saf. Code, § 11360, subd. (a)) and with possession of marijuana for sale in count II (Health & Saf. Code, § 11359). The jury returned verdicts of guilty of sale of marijuana for count I and guilty of the lesser included offense of possession of marijuana, a misdemeanor, (Health & Saf. Code, § 11357, subd. (b)) for count II. The court placed defendant on probation for 36 months for count I. One condition of probation was jail time of 120 days. This court stayed execution of judgment pending this appeal. On appeal defendant argues that the court erred in its reaction to a jury inquiry resulting in defendant's conviction without a unanimous verdict.

FACTS

Defendant sold marijuana to an undercover police officer. His defense at trial was entrapment.

DISCUSSION

Defendant does not contest his conviction of count II on appeal. He argues that there was not a unanimous verdict on count I, sale of marijuana.

During deliberations the jury sent the following note to the trial court: "We believe that we have reached an impasse regarding the issue of entrapment.

"We overwhelmingly reject entrapment as a defense. However, it is not unanimous.

"We agree unanimously that the defendant is guilty to count 1 and not guilty to count 2.

"We unanimously agree to defendant's guilt to the lesser charged [*sic*] maintained in count 2 of possession of marijuana."

█ The court polled the jury regarding their verdicts for count I and count II and then polled the jury on how they voted on the entrapment issue.[1] Jurors Sarraco and Lott responded "entrapment" to the court's inquiry, "Was there or was there not entrapment?" The court next asked the jurors if there was a reasonable probability that they could agree on the entrapment issue if they deliberated further. Juror Lott and Juror Freeland indicated there was a "possibility" the jury might reach an agreement. The court had instructed the jury that they had to find defendant guilty before considering the entrapment defense. The court then sent the jury back out and instructed them to "sign the appropriate forms and come on back." Shortly thereafter the jury returned with a verdict of guilty to count I against defendant.

█ A criminal defendant is entitled to a unanimous jury verdict. Each juror must vote for and acquiesce in the verdict. (Cal. Const., art I., § 16; *People* v. *Superior Court* (*Thomas*) (1967) 67 Cal.2d 929, 932 [64 Cal.Rptr. 327, 434 P.2d 623, 25 A.L.R.3d 1143].)

█ A defendant has the burden to prove an entrapment defense by a preponderance of the evidence. (*People* v. *Moran* (1970) 1 Cal.3d 755, 760-761 [83 Cal.Rptr. 411, 463 P.2d 763].) █ Moreover, entrapment is a collateral issue not affecting a defendant's criminal intent; rather, it prohibits defendant's punishment for the crime because of improper police conduct. (*In re Foss* (1974) 10 Cal.3d 910, 932 [112 Cal.Rptr. 649, 519 P.2d 1073], disapproved on other grounds in *People* v. *White* (1976) 16 Cal.3d 791, 796, fn. 3 [129 Cal.Rptr. 769, 549 P.2d 537]; *People* v. *Benford* (1959) 53 Cal.2d 1, 8-9 [345 P.2d 928].)

█ In the present case, two jurors found that defendant had proved entrapment by a preponderance of the evidence. CALJIC No. 4.60, which was read to the jury, states, "If you find by a preponderance of the evidence that [entrapment] has been established, the *defendant is entitled to a verdict of acquittal.*" (CALJIC No. 4.60 (3d ed. 1979), italics added.) Under this jury instruction, the two jurors who believed entrapment existed should

---

[1] The polling of the jury in this manner was clearly improper. While it is proper to question a jury on the probability they may reach agreement upon further deliberations (*Paulson* v. *Superior Court* (1962) 58 Cal.2d 1, 7 [22 Cal.Rptr. 649, 372 P.2d 641]) and to poll a jury after a verdict is rendered but before it is recorded (Pen. Code, § 1163), the trial court carried its inquiry too far and risked the danger that it would coerce a verdict. (Cf. *People* v. *Gainer* (1977) 19 Cal.3d 835, 849-851 [139 Cal.Rptr. 861, 566 P.2d 997, 97 A.L.R.3d 73].) The secrecy of jury deliberations should be closely guarded. (See, e.g., Pen. Code, § 167.)

have voted for acquittal if further deliberations proved fruitless; therefore, there was not a unanimous verdict on count I.

While we have found no authority regarding this issue, we determine that the court was correct in its position that all 12 jurors must believe the entrapment defense before defendant could be found *not guilty* of count I. However, the court erred in telling the jury to "sign the appropriate forms and come on back." After the jury's inquiry, the court should have either reinstructed the jury with CALJIC No. 4.60 and sent them back for further deliberations or, if further deliberations would have been fruitless, declared a mistrial as to count I due to a hung jury.

We fail to see how *Foss, supra,* 10 Cal.3d 910, supports the trial court's decision. *Foss* merely explains the basic principles of the entrapment defense. It does not assist in the determination of this issue.

The court's reaction to the jury inquiry converted entrapment into a special finding or verdict. "A special verdict is that by which the jury find the facts only, leaving the judgment to the Court." (Pen. Code, § 1152.) The court polled the jury regarding their verdicts on counts I and II. Then it polled them as to their findings on entrapment. At that point, the court sent the jury back to "sign the appropriate forms." In essence, the court decided that since the jury did not unanimously agree that entrapment existed, then defendant must be guilty of count I. If the jury did not agree on entrapment, there was a hung jury. The court may not require a jury to return a special verdict or finding of fact. The decision to bring in a special verdict or finding of fact is solely within the jury's discretion. (*People* v. *Mardian* (1975) 47 Cal.App.3d 16, 47 [121 Cal.Rptr. 269], overruled on other grounds in *People* v. *Anderson* (1987) 43 Cal.3d 1104, 1123, fn. 1 [240 Cal.Rptr. 585, 742 P.2d 1306].)

DISPOSITION

The judgment is reversed and remanded.

Hollenhorst, Acting P. J., and McDaniel, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.