**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

KENNETH SOUTHWELL,
            *Defendant-Appellant.*

No. 04-30521

D.C. No.
CR-03-00191-FV

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Chief Judge, Presiding

Argued and Submitted
September 14, 2005—Seattle, Washington

Filed December 30, 2005

Before: Arthur L. Alarcón, Alex Kozinski and
Andrew J. Kleinfeld, Circuit Judges.

Opinion by Judge Kozinski

**COUNSEL**

Kimberly A. Deater, Federal Defenders of Eastern Washington and Idaho, Spokane, Washington, for the defendant-appellant.

James A. McDevitt, United States Attorney; Thomas O. Rice, Assistant United States Attorney, Spokane, Washington, for the plaintiff-appellee.

## OPINION

KOZINSKI, Circuit Judge:

We consider whether the district court's failure to answer the jury's question during deliberations was an abuse of discretion and, if so, whether the defendant was prejudiced thereby. To answer the latter question, we also decide whether a jury must unanimously reject an affirmative defense before it can find a defendant guilty.

### Facts

Kenneth Southwell was accused of starting a fire at the Heart Seed Company of Fairfield, Washington, a company with a significant interstate business, and was charged with malicious use of a fire to damage property used in interstate commerce. *See* 18 U.S.C. § 844(i). Southwell pleaded not guilty and, in the alternative, not guilty by reason of insanity.

Consistent with 18 U.S.C. § 17, the jury was instructed that "[t]he defendant must prove insanity at the time [of the offense] by clear and convincing evidence—that is, that it is highly probable that the defendant was insane." The jury was also provided with the following verdict form: "We, the Jury, find the defendant, Kenneth Southwell _____ (Guilty/Not Guilty/Not Guilty Only by Reason of Insanity) of the charge in the indictment." The presiding juror was instructed to write the jury's unanimous verdict in the blank.

The jury was also instructed as follows:

You may unanimously reach one of three verdicts: "guilty," "not guilty," or "not guilty only by reason of insanity."

If you unanimously find that the government has proven each element of the offense beyond a reasonable doubt, the presiding juror will write "guilty" on the verdict form.

If you unanimously find that the government has not proven each element of the offense beyond a reasonable doubt, the presiding juror will write "not guilty" on the verdict form.

If you unanimously find that the government has proven each element of the offense beyond a reasonable doubt, but unanimously agree that the defendant has shown by clear and convincing evidence that he was insane as defined in these instructions, then your presiding juror will write "not guilty only by reason of insanity" on the verdict form.

When you have reached unanimous agreement as to your verdict, you will have your presiding juror fill in, date and sign the verdict form to state the verdict upon which you unanimously agree. You should then notify the Bailiff of the fact that you have reached a verdict, but not the nature of the verdict. You will then return with your verdict to the courtroom.

A verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. A verdict must be unanimous.

On the second day of deliberations, the jury sent the following note to the court:

Can we find the defendant guilty if we unanimously conclude that the defendant:

1.  Maliciously;

2.  damaged or destroyed a building, or other real or personal property;

3.  by means of fire; and

4.  the building, or personal or real property was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce,

but do not agree unanimously that the defendant was sane or insane?

Southwell's attorney asked the court to instruct the jury that "no, they could not find the defendant guilty if they were not unanimous on the issue of insanity." Alternatively, defense counsel proposed "a simple instruction from the Court that they have to be unanimous on the insanity issues as well before they could return a verdict." As defense counsel explained,

In looking at [the above jury instruction], I think it's possible for the jury to get the erroneous impression that they could find Mr. Southwell guilty if they agreed that the government met its burden on all the elements under [18 U.S.C. §] 844[(i)], but were still not unanimous when it came to the issue of whether or not Mr. Southwell was insane at the time.

The district court saw matters otherwise, explaining that its instructions on this point were "very clear." Over defense counsel's objection, the court provided the following response to the jury: "Please use your best recollection of the evidence

and the instructions of the law you have been given. If you are able to reach a verdict, only one unanimous verdict may be returned."

The next day, the jury returned a verdict of guilty. The district court then polled the jury by asking "each of you who had as your personal verdict the verdict of guilty as indicated in the verdict form, please raise your hand, if this is, if this verdict is your personal verdict." All 12 jurors raised their hands. The court rejected Southwell's request for additional polling to determine whether the jurors had unanimously rejected the insanity defense. Southwell appeals his conviction.

## Discussion

**[1]** "The necessity, extent and character of additional [jury] instructions are matters within the sound discretion of the trial court." *Wilson* v. *United States*, 422 F.2d 1303, 1304 (9th Cir. 1970) (per curiam). That discretion is abused, however, when the district court fails to answer a jury's question on a matter that is not fairly resolved by the court's instructions. Because it is not always possible, when instructing the jury, to anticipate every question that might arise during deliberations, "the district court has the responsibility to eliminate confusion when a jury asks for clarification of a particular issue." *United States* v. *Hayes*, 794 F.2d 1348, 1352 (9th Cir. 1986); *see also Bollenbach* v. *United States*, 326 U.S. 607, 612-13 (1946) ("When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy."). This the district court failed to do.

**[2]** Although the court's instructions were not a model of clarity,[1] they did not misstate the law. Rather, the instructions

---

[1]For example, the jury was instructed to reach "one of three verdicts," even though the jury could find Southwell guilty of having committed the offense and not guilty by reason of insanity. The instructions failed to

were unclear as to what the jury should do in the very situation outlined in the jury's question—if the jurors "unanimously conclude[d] that the defendant" committed each element of the offense, "but d[id] not agree unanimously that the defendant was sane or insane."

The jury could reasonably have read the instructions one of two ways in this situation. One way would have been to declare itself deadlocked because they could not reach agreement as to sanity. The other way would have been to return a verdict of guilty because they did unanimously agree as to guilt but could not agree whether defendant was insane—as defense counsel pointed out to the district court. Neither result is expressly sanctioned by the instructions nor is either result precluded, which is doubtless why the jury requested a clarification as to how they should proceed in these circumstances.

**[3]** Rather than recognizing this ambiguity and providing a supplementary instruction, the district court told the jurors to "use your best recollection of the evidence and the instructions of the law you have been given. If you are able to reach a verdict, only one unanimous verdict may be returned." However, for the reasons explained, the instructions did not provide a clear answer—or any answer—to the question the jury asked; thus referring the jury back to the instructions did nothing to clear up the ambiguity. Failure to provide the jury with a clarifying instruction when it has identified a legitimate ambiguity in the original instructions is an abuse of discretion.

**[4]** The error here was particularly serious because it concerned the burden of proof. Southwell has a right under the Constitution to a unanimous jury verdict. *See United States* v.

---

explain that a finding of not guilty by reason of insanity would supersede its finding of guilt. We need not decide whether the original instructions were deficient on account of this ambiguity because we find the district court's response to the jury's question inadequate. *See* p. 16914 *infra*.

*Frega*, 179 F.3d 793, 810 (9th Cir. 1999); *United States* v. *Gordon*, 844 F.2d 1397, 1400 (9th Cir. 1988). The failure to properly instruct the jury on the unanimity requirement was constitutional error, and requires reversal unless "the error was harmless beyond a reasonable doubt." *United States* v. *Pierre*, 254 F.3d 872, 877 (9th Cir. 2001) (quoting *United States* v. *Chu*, 988 F.2d 981, 985 (9th Cir. 1993) (quoting *United States* v. *Rubio-Villareal*, 967 F.2d 294, 297 n.3 (9th Cir. 1992) (en banc))).

[5] Whether the error was harmless hinges on whether the ambiguity cut for or against defendant. Thus, if the jury could properly have convicted Southwell if it was unanimous on guilt but divided as to sanity, then the failure to tell them so would have been harmless. If, on the other hand, the jury had to be unanimous both as to guilt and as to sanity, then defendant would have been prejudiced because the jurors might have returned a guilty verdict even though they could not unanimously agree as to whether Southwell was insane. To resolve the prejudice question, then, we must determine what the court's answer to the jury's question *should* have been.

[6] We are aware of no prior federal court having resolved this issue. Although some members of the Supreme Court have expressed opposing views, none commanded a majority of the Court. *Compare McKoy* v. *North Carolina*, 494 U.S. 433, 450-51 (1990) (Blackmun, J., concurring) ("The dissent's analogy presumes that once the elements of an offense have been proved, the jury's failure to agree as to an affirmative defense results in a conviction . . . but our cases do not say that, and it is not at all clear that a conviction, rather than a hung jury, would be the outcome." (citing *State* v. *Harris*, 152 A.2d 106, 109 (R.I. 1959))); *with id.* at 467 n.4 (Scalia, J., dissenting, joined by Rehnquist, C.J., and O'Connor, J.) ("If the jurors follow their instructions, it would appear that the jury that has considered but not unanimously found an affirmative defense must return a verdict of guilty."). Absent controlling authority on point, we are guided by the numerous

state courts that have considered this precise question, as well as by prior federal courts that have considered, in the civil context, whether an affirmative defense must be unanimously rejected.

**[7]** In *State* v. *Miyashiro*, 979 P.2d 85 (Haw. Ct. App. 1999), the Hawaii Intermediate Court of Appeals held that an affirmative defense must be unanimously rejected before a defendant can be found guilty:

> [I]f the jurors unanimously agreed that all the elements of the charged offense have been proved beyond a reasonable doubt but are unable to reach unanimous agreement as to the affirmative defense of entrapment, no unanimous verdict can be reached as to the charged offense because some jurors would vote for conviction and others for acquittal. In such instance, a mistrial would have to be declared due to the hung jury.

*Id.* at 95; *see also People* v. *McIntyre*, 271 Cal. Rptr. 467, 469 (Cal. Ct. App. 1990) ("If the jury did not agree on entrapment, there was a hung jury."). This rationale applies equally to the insanity defense: "The jury's determination on an insanity defense is as demanding of unanimity as is the determination on the plea of not guilty. . . . If the jury could not agree upon defendant's sanity then no verdict could be reached." *Harris*, 152 A.2d at 109; *see also State* v. *Uyesugi*, 60 P.3d 843, 857-60 (Haw. 2002) (defendant's statement "that before reaching a guilty as charged verdict, *rejection* of the mental defense must also be unanimous . . . sets forth a correct statement of the law") (internal quotation marks omitted). No state court, so far as we are aware, has reached a contrary conclusion.

**[8]** We have likewise held in the civil context that "a defendant cannot be held liable until the jury unanimously rejects an affirmative defense." *Jazzabi* v. *Allstate Ins. Co.*, 278 F.3d 979, 982-83 (9th Cir. 2002); *see also Baxter Healthcare Corp.*

v. *Spectramed, Inc.*, 49 F.3d 1575, 1579-80, 1583-84 (Fed. Cir. 1995) (affirming a district court's refusal to enter judgment for plaintiff on two special interrogatories setting forth affirmative defenses when the jury did not unanimously agree on answers to the interrogatories). As we explained in *Jazzabi*, "elements and affirmative defenses are co-equal components of the jury's liability determination: Liability cannot be established until after the jurors unanimously agree that the elements are satisfied *and* they unanimously reject the affirmative defenses." 278 F.3d at 984.

[9] The same logic applies with at least equal force to affirmative defenses in criminal cases. If a juror finds that the government has proven each element of the offense beyond a reasonable doubt, and also finds that the defendant has not proven insanity by clear and convincing evidence, he must find the defendant guilty. If another juror finds that the government has proven each element of the offense beyond a reasonable doubt, but also finds that the defendant has proven insanity by clear and convincing evidence, he must find the defendant not guilty by reason of insanity.[2] Since a jury verdict must be unanimous, a jury united as to guilt but divided as to an affirmative defense (such as insanity) is necessarily a hung jury.

---

[2]Contrary to Southwell's assertion, insanity does not negate mens rea. Were insanity a mens rea defense, the government would be required to prove a defendant sane beyond a reasonable doubt. But 18 U.S.C. § 17 clearly makes insanity an affirmative defense, which the defendant must prove by clear and convincing evidence:

> The government bears the burden of proving beyond a reasonable doubt that a defendant had the required specific intent to commit a charged crime, yet the defendant is required to prove the affirmative defense of insanity by clear and convincing evidence. Moreover, a jury finding of "not guilty by reason of insanity" results in civil commitment proceedings, while a finding that *mens rea* is lacking results in acquittal.

*United States* v. *Westcott*, 83 F.3d 1354, 1359 (11th Cir. 1996) (internal citation omitted).

**[10]** The jurors asked the court whether they could convict Southwell if they were unanimous on guilt but divided as to sanity. For the reasons explained, the correct answer was "no." The district court's failure to answer the jury's question left open the possibility that they convicted Southwell even though they were divided as to sanity. Here, this is more than a theoretical possibility, because we can infer from the jury's note that that's where it stood at the time. It's possible, of course, that, after further deliberations, the jury did reach unanimity on the question of sanity. But nothing in the court's instructions *required* them to do so. It is therefore entirely possible that the jury, faced with instructions that left the issue open, interpreted them as permitting a guilty verdict even though they were not unanimous as to sanity. In these circumstances, we cannot say that the error was harmless beyond a reasonable doubt. *See Pierre*, 254 F.3d at 877.

**[11]** Had the district court granted defense counsel's motion to re-poll the jury, we would know whether the jurors were unanimous both as to guilt and as to sanity.[3] The district court, however, refused and the court's original polling asked only whether the jury was unanimous as to guilt, but not whether it was unanimous as to sanity. Because we have no way of determining whether the jury was unanimous as to

---

[3]At the time defense counsel made her request that the jury be re-polled on the question of sanity, the jurors had just left the courtroom but had been asked to remain in the jury room to wait for the judge. Because the "jury remain[ed] as an undispersed unit within the control of the court and with no opportunity to mingle with or discuss the case with others, it [was] undischarged and [could] be recalled." *United States* v. *Marinari*, 32 F.3d 1209, 1214 (7th Cir. 1994); *see also* Fed. R. Crim. P. 31(d) (defendant has right to poll jury after they return a verdict but before they are discharged). Our precedents are not to the contrary. *See, e.g.*, *United States* v. *Williams*, 990 F.2d 507, 512-13 (9th Cir. 1993) (further polling not permitted once jury has been discharged); *United States* v. *Weiner*, 578 F.2d 757, 764 (9th Cir. 1978) (per curiam) (same). We note this only to point out that the prejudice arising from the district court's earlier abuse of discretion of not answering the jury's question could have been, but was not, corrected by re-polling the jury.

sanity, we must reverse. *See United States* v. *Garcia-Rivera*, 353 F.3d 788, 792 (9th Cir. 2003) (reversing conviction because the district court's jury instructions were ambiguous and the court's failure to poll the jurors to see whether they were confused resulted in a "questionable verdict").

## Conclusion

We reverse the judgment of conviction and remand for a new trial.

**REVERSED** on the issues discussed in this opinion and **REMANDED**.[4]

---

[4]Because we reject Southwell's other challenges to his conviction, including sufficiency of the evidence, which are considered in a separate memorandum disposition filed concurrently with this opinion, the defendant may be retried.