NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 12-10224 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:10-cr-00071-HDM-PAL-1 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| VERNON K. NEWSON, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Argued and Submitted July 10, 2013
San Francisco, California

Before:     FERNANDEZ, PAEZ, and BERZON, Circuit Judges.

Vernon Newson appeals his conviction for assisting in the preparation and

presentation of false income tax returns.  See 26 U.S.C. § 7206(2).  We affirm.

Newson asserts that the district court erred when it refused to instruct the

jury that the jurors had to unanimously agree that a particular deduction was

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

willfully false before they could agree that he had willfully assisted in preparing or presenting an income tax return with false matter. See id. We disagree.

Certainly a defendant cannot be convicted of a crime unless the jury's verdict is unanimous,[1] which means that the jurors must agree that all elements of the offense have been proved.[2] However, that does not mean that the jurors must agree on the "'preliminary factual issues which underlie the verdict.'" Schad v. Arizona, 501 U.S. 624, 632, 111 S. Ct. 2491, 2497, 115 L. Ed. 2d 555 (1991). Of course, jurors cannot be instructed that a defendant can be convicted of an offense if he committed, for example, crime A or crime B, unless they are also instructed that there must be unanimous agreement on which crime it was. See Richardson v. United States, 526 U.S. 813, 818–20, 824, 119 S. Ct. 1707, 1710–11, 1713, 143 L. Ed. 2d 985 (1999); United States v. Anguiano, 873 F.2d 1314, 1319–20 (9th Cir. 1989). And, even if the jurors are not presented with that stark a choice, if the presentation of the case leads to juror confusion, the confusion must be eliminated. See United States v. Echeverry, 719 F.2d 974, 975 (9th Cir. 1983). That can be accomplished by use of a specific unanimity instruction. See Richardson, 526 U.S.

---

[1]See Andres v. United States, 333 U.S. 740, 748, 68 S. Ct. 880, 884, 92 L. Ed. 1055 (1948); United States v. Southwell, 432 F.3d 1050, 1053 (9th Cir. 2005).

[2]See McMillan v. Pennsylvania, 477 U.S. 79, 84–85, 106 S. Ct. 2411, 2415, 91 L. Ed. 2d 67 (1986).

2

at 817–20, 824, 119 S. Ct. at 1710–11, 1713; <u>Anguiano</u>, 873 F.2d at 1319.

Again, however, the mere fact that jurors might agree that the crime was committed while not agreeing on the specific underlying facts is not a sufficient reason to require a specific unanimity instruction. See <u>Schad</u>, 501 U.S. at 631–32, 644–45, 111 S. Ct. at 2497, 2503–04 (jury need not agree on whether a murder was premeditated or a killing in the course of committing another felony); <u>id.</u> at 649–50, 111 S. Ct. at 2506 (Scalia, J., concurring); <u>United States v. Lyons</u>, 472 F.3d 1055, 1068–69 (9th Cir. 2007) (mail fraud); <u>United States v. Woods</u>, 335 F.3d 993, 998–99 (9th Cir. 2003) (same); <u>United States v. Carlson</u>, 235 F.3d 466, 471 (9th Cir. 2000) (tax evasion); <u>United States v. Kim</u>, 196 F.3d 1079, 1082–83 (9th Cir. 1999) (aiding and abetting). Here, the crime in question was the preparation of a return, which "is false as to <u>any</u> material matter" for presentation to the government. 26 U.S.C. § 7206(2) (emphasis added); <u>See also</u> <u>United States v. Salerno</u>, 902 F.2d 1429, 1431–32 (9th Cir. 1990) (elements of 26 U.S.C. § 7206(2) offense). That does not spell out a separate crime for each materially false fact within a return, nor do jurors have to agree on any single materially false fact; rather, "'different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line.'" <u>Schad</u>, 501 U.S. at 631–32, 111 S. Ct. at 2497. And there was little or no chance of jury confusion; that leads to the final

3

insurmountable revetment faced by Newson.

Whether a specific unanimity instruction should have been given or not, Newson's attack fails because on this record any error was harmless beyond a reasonable doubt.  See United States v. Nobari, 574 F.3d 1065, 1081–83 (9th Cir. 2009); Southwell, 432 F.3d at 1053; cf. United States v. Montalvo, 331 F.3d 1052, 1056–57 (9th Cir. 2003).  The evidence against him was overwhelming. Numerous individuals for whom he prepared returns testified to his methods and to the fact that he made up nonexistent businesses and then made up false business deductions for those nonexistent ventures.  In short, "the overall picture of [Newson's] conduct [was] crystal clear."  Carlson, 235 F.3d at 471.

AFFIRMED.