**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 15 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10376 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 4:13-cr-00574-CKJ-BGM-1 |
| | 4:13-cr-00574-CKJ-BGM |
| VAN RAYMOND BROLLINI, | |
| | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted August 8, 2022
San Francisco, California

Before: RAWLINSON, BADE, and BRESS, Circuit Judges.
Concurrence by Judge RAWLINSON.

Van Raymond Brollini appeals his convictions, following a jury trial, for (1)

tax evasion, 26 U.S.C. § 7201; (2) corrupt interference with tax administration, *id.*

§ 7212(a); and (3) failure to file income tax returns, *id.* § 7203. We have jurisdiction

under 28 U.S.C. § 1291. We remand for the limited purpose of allowing the district

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court to conform its written judgment to its oral pronouncement. We otherwise affirm.

1. The district court did not commit reversible error in not instructing the jury on Counts 1 and 2 that the government had to prove at least one act of evasion or interference within the limitations period. Because Brollini did not object with adequate specificity to the jury instructions on this basis at trial, we review for plain error. *See United States v. Anderson*, 741 F.3d 938, 945 (9th Cir. 2013). To demonstrate plain error, Brollini "must show that (1) there was an error, (2) the error is clear or obvious, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020).

Even assuming Brollini has satisfied the first two prongs of plain-error review, he has not established the third or fourth prongs. The government introduced extensive evidence that Brollini engaged in acts of evasion and interference within the limitations period, such as using Money Mart to prevent the IRS from accessing his funds, filing paperwork to renounce his American citizenship, attempting to file a lawsuit against an IRS officer, and presenting false promissory notes to the IRS. Indeed, Brollini conceded he did all these things, and argued only that he acted in good faith. Given the evidence presented at trial, there is no reasonable probability that the jury verdict was substantially affected by any failure to give the instructions

Brollini now claims were necessary. *See United States v. Singh*, 979 F.3d 697, 728 (9th Cir. 2020). For the same reasons, even under an abuse of discretion standard, the district court's alleged error was harmless. *See United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020).

2. The district court did not err by instructing the jury on Count 2 that the government had to prove that Brollini interfered with a "tax related proceeding," rather than Brollini's preferred formulation of a "targeted administrative action such as an investigation or audit." Because Brollini preserved this objection, we review de novo whether the district court's instructions correctly stated the elements of the offense. *See United States v. Saini*, 23 F.4th 1155, 1160 (9th Cir. 2022).

The instructions required the jury to find that "the IRS was conducting a tax related proceeding or action involving the defendant," and that "the defendant knew about the proceeding or action" before he interfered or attempted to interfere with it. The district court's instructions on Count 2 sufficiently accounted for the fact that under § 7212(a), there must be a "'nexus' between the defendant's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action." *Marinello v. United States*, 138 S. Ct. 1101, 1109 (2018) (quoting *United States v. Aguilar*, 515 U.S. 593, 599 (1995)). Regardless, any error was harmless given the overwhelming and uncontroverted evidence that

3

Brollini knew of a targeted collection proceeding and took steps to interfere with it. *See Saini*, 23 F.4th at 1160, 1164–65.

3.    The district court did not abuse its discretion by limiting its supplemental instruction on good faith to those counts requiring a willful mental state, and not extending that instruction to Count 2, which required a corrupt mental state. *See United States v. Southwell*, 432 F.3d 1050, 1052 (9th Cir. 2005) (standard of review); *see also United States v. Workinger*, 90 F.3d 1409, 1414 (9th Cir. 1996) (defining "corruptly" for purposes of § 7212(a)).  The existing jury instructions for Count 2 were sufficient to enable the jury to acquit if it concluded that Brollini had acted based on a good-faith misunderstanding of federal tax law.  Moreover, the jury ultimately convicted Brollini on each count requiring a willfulness mens rea, so there is no reason to think the outcome on Count 2 would have been different had the supplemental instruction extended to the Count 2 offense.  *See United States v. Rubio-Villareal*, 967 F.2d 294, 296 n.3 (9th Cir. 1992) (en banc) (harmless error standard).

4.    The district court did not abuse its discretion by precluding evidence that an unrelated third party, Tommy Cryer, had been acquitted of federal tax evasion charges.  *See United States v. Whittemore*, 776 F.3d 1074, 1077 (9th Cir. 2015) (standard of review).  A district court's weighing of evidence under Federal Rule of Evidence 403 is entitled to "considerable deference." *United States v. Bussell*, 414

F.3d 1048, 1059 (9th Cir. 2005) (quoting *United States v. Hankey*, 203 F.3d 1160, 1166–67 (9th Cir. 2000)).  Here, the district court did not abuse its discretion in concluding that any probative value associated with Cryer's acquittal was substantially outweighed by the dangers of unfair prejudice or confusing the issues. Brollini had already significantly resisted IRS collection proceedings before becoming aware of Cryer's acquittal.  In addition, as the district court determined, Brollini was already allowed to present a substantial amount of evidence about how he formed the beliefs at the heart of his good-faith defense.  And the reasons for Cryer's acquittal were unclear, which could have led to unmanageable collateral inquiries at trial.  Regardless, given the extensive evidence presented at trial, it is "more probable than not that the error did not materially affect the verdict." *Morales*, 108 F.3d at 1040.

5.      Nor did the district court commit reversible error in permitting evidence that Wayne Hicks, the founder of a warehouse bank (MYICIS) that Brollini used to shield funds from the IRS, pleaded guilty to conspiring to defraud the IRS.  Such an error does not warrant reversal if it is more probable than not that the error did not materially affect the verdict. *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc).  Even assuming the district court exceeded its "wide discretion in determining the admissibility of evidence under the Federal Rules," *United States v. Abel*, 469 U.S. 45, 54 (1984), any error was harmless in light of the overwhelming

5

evidence of Brollini's guilt.  Similarly, even if the district court improperly admitted hearsay evidence in this regard, "we may consider that error harmless 'unless we have grave doubt whether the erroneously admitted evidence substantially affected the verdict.'"  *United States v. Morales*, 720 F.3d 1194, 1199 (9th Cir. 2013) (quoting *United States v. Alvarez*, 358 F.3d 1194, 1214 (9th Cir. 2004)).  We have no such doubt here.

6.      The district court did not abuse its discretion by permitting limited cross-examination about whether Brollini agreed with the jury instructions.  Nor did the government's questioning rise to the level of prosecutorial misconduct.  *See United States v. Christophe*, 833 F.2d 1296, 1300–01 (9th Cir. 1987) (reversal unjustified unless prosecutorial misconduct "denies the defendant a fair trial").  The questioning did not call for Brollini to testify to a legal conclusion, *see* Fed. R. Evid. 702, but rather to testify to his own continued disagreement with federal tax law.  And in this case, the district court acted promptly to limit the questioning once it began, did not permit follow-up questions, and allowed Brollini to further explain his answer to the questioning on re-direct.  There is no basis to conclude that the questioning regarding the jury instructions materially affected the verdict. *Morales*, 108 F.3d at 1040.

7.      Brollini's convictions need not be reversed due to cumulative error because he has not established anything more than marginal trial error, and nothing

6

so cumulatively prejudicial as to require reversal. *See United States v. de Cruz*, 82 F.3d 856, 868 (9th Cir. 1996).

8.  The district court properly denied Brollini's motion to dismiss Counts 1 and 2. The counts alleged violations of 26 U.S.C. §§ 7201 and 7212(a), and both are continuing offenses under *United States v. Murphy*, 824 F.3d 1197, 1206 (9th Cir. 2016). *Murphy* also confirms that neither count was duplicitous. *See id.* Brollini's reliance on dicta in *Norwitt v. United States*, 195 F.2d 127, 131–33 (9th Cir. 1952), is not to the contrary. Nor was the district court required, in these circumstances, to provide a special unanimity instruction. *See Schad v. Arizona*, 501 U.S. 624, 632 (1991) (plurality opinion); *United States v. Kim*, 196 F.3d 1079, 1083 (9th Cir. 1999).

9.  The district court did not err by ordering Brollini to pay the costs for Michael Thackray's testimony about Brollini's use of Money Mart because the testimony was not "exclusive[]" to Count 7 (of which Brollini was acquitted). *United States v. Bussell*, 504 F.3d 956, 968 (9th Cir. 2007).

10.  The parties agree that a remand is necessary so that the district court can modify its written judgment to conform to its oral pronouncement regarding the Special Condition 3 term of Brollini's supervised release. *United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015) ("When there is a discrepancy between an unambiguous oral pronouncement of a sentence and the written

judgment, the oral pronouncement controls." (quoting *United States v. Fifield*, 432 F.3d 1056, 1059 n.3 (9th Cir. 2005))).  The matter is remanded to the district court solely for this limited purpose.

**AFFIRMED IN PART AND REMANDED IN PART.**



***United States v. Brollini*, Case No. 20-10376**
**Rawlinson, Circuit Judge, concurring in the result:**

    I concur in the result.