FILED

02/25/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0483

DA 22-0483

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 42

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

KEVIN CHARLES WALLA,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Sweet Grass, Cause No. DC-20-1
Honorable Jon A. Oldenburg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Tammy Hinderman, Appellate Defender, Deborah S. Smith, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Christine Hutchison, Assistant Attorney General, Helena, Montana

          Patrick N. Dringman, Sweet Grass Couty Attorney, David Buchler, Michael Gee, Special Deputy County Attorneys, Big Timber, Montana

          Submitted on Briefs:  February 5, 2025

          Decided:  February 25, 2025

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Kevin Charles Walla appeals from the Sixth Judicial District Court, Sweet Grass County's July 1, 2022 Judgment and Sentence. We restate the issues on appeal as follows:

> *Issue 1: Whether the District Court improperly rejected provision two of the parties' stipulated procedural agreement.*
>
> *Issue 2: Whether the District Court abused its discretion when it rejected Walla's proposed supplemental verdict form.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 On December 31, 2019, Walla shot and killed Richard Allen Bowers in Walla's apartment. The State charged Walla with Deliberate Homicide. Walla served notice that he intended to assert a defense of Justifiable Use of Force based on the theory that he had shot Bowers after Bowers had asked him for money and refused to leave the apartment until he got it. Walla served notice that he intended to testify at trial in support of his Justifiable Use of Force defense that he had been aware of Bowers's "history of drug use, criminal history, assaultive behavior, money concerns, his being accustomed to asking for money and also being given money without asking for it, his expectation that people would give him money, erratic behavior, wide and sudden mood swings, aggression, etc." The State moved to exclude Walla's testimony about Bowers's character or past acts.

¶3 Walla's jury trial began on March 28, 2022. On the third day of trial the parties reached an agreement regarding certain evidentiary disputes and jury instructions. Provision two of the agreement proposed to resolve the admissibility of Walla's testimony by allowing Walla's counsel to make an offer of proof to the District Court outside the

2

presence of the jury as to the expected content of Walla's testimony. The State would then be allowed to present its arguments regarding the testimony's admissibility, and the District Court would rule on the admissibility as to each potential piece of testimony. At a meeting with counsel in chambers that day, the District Court expressed concerns with the proposed procedure, but ultimately stated the following:

> Okay, I don't know if you guys want to discuss [provision] two further . . . , or that's how you want to go, *I'm not going to interfere with your right to do it*, I think it creates some problems . . . , but you know I understand, that a lot went in to negotiating. So, if you want to talk about those issues, I think we should, because . . . *I want all the parties to agree that this is what the Court needs to do before the Court's gonna do it*.

(Emphasis added.)

¶4 Walla's counsel asked to speak with Walla off the record, after which Walla testified on the record and under oath that he understood his right to testify, understood the nature of his Justified Use of Force defense, understood that if he did not testify the defense would not put on certain witnesses, he did not "feel pressured in anyway" about whether to testify, and it was his "decision alone" to not testify at trial. Walla's counsel then stated that he had "no issue with the Court striking" provision two because it was no longer an issue since Walla had decided not to testify.

¶5 The parties and the District Court discussed jury instructions, at the end of which Walla proposed to provide the jury with a supplemental verdict form. Walla's counsel argued that the supplemental verdict form would ensure that the jury's verdict as to his Justifiable Use of Force defense was unanimous but acknowledged that it was not "something that [was] required." The State objected to the form, arguing that the standard

3

verdict form, to which the parties had already stipulated, and the stipulated jury instructions sufficiently informed the jury that their verdict as to Justifiable Use of Force had to be unanimous. The District Court rejected the form, noting that the jury instructions already commanded the jury that its verdict had to be unanimous and informed the jury that it was the State's burden to prove beyond a reasonable doubt that Walla's actions were not justified.

¶6 The jury found Walla guilty of Deliberate Homicide. The District Court sentenced Walla to 100 years in the Montana State Prison, with a consecutive 10-year Weapons Enhancement.

**STANDARD OF REVIEW**

¶7 Trial courts have "broad discretion on evidentiary matters, and the determination of the adequacy of the foundation of evidence is within the discretion of the trial court, and will not be overturned absent a clear abuse of discretion." *State v. Brasda*, 2021 MT 121, ¶ 11, 404 Mont. 178, 486 P.3d 703 (cleaned up). We review a district court's rejection or acceptance of a special verdict form for an abuse of discretion. *Dean v. Sanders County*, 2009 MT 88, ¶ 23, 350 Mont. 8, 204 P.3d 722 (citing *Ele v. Ehnes*, 2003 MT 131, ¶ 18, 316 Mont. 69, 68 P.3d 835). A court abuses its discretion when it acts "arbitrarily, without conscientious judgment or in excess of the bounds of reason resulting in substantial injustice." *Brasda*, ¶ 11 (quoting *State v. Quinlan*, 2021 MT 15, ¶ 16, 403 Mont. 91, 479 P.3d 982).

4

**DISCUSSION**

¶8      *Issue 1: Whether the District Court improperly rejected provision two of the parties' stipulated procedural agreement.*

¶9      Walla argues that the District Court abused its discretion by rejecting provision two of the parties' stipulated procedural agreement. The State responds that the District Court did not reject provision two, but that Walla mooted the provision before the District Court could rule on its validity by deciding not to testify. Walla replies that the District Court "exert[ed] improper influence" over his decision not to testify by expressing its concerns about the provision, and that he only decided not to testify after it became clear that "[t]he judge was trying to persuade the parties to disavow" the provision. We are hard-pressed to see how the District Court's comments that it was "not going to interfere with [the parties'] right" to negotiate the stipulated agreement they had reached, and that it just "want[ed] all the parties to agree that this is what the Court needs to do before the Court's gonna do it" could be remotely construed as exerting "improper influence" on Walla's decision to testify.

¶10     Walla's argument on appeal is further belied by the fact that after the District Court's comments Walla testified that he did not "feel pressured in anyway" about his decision not to testify. At no point, either before or after Walla confirmed that it was his decision alone not to testify, did the District Court say that it had rejected provision two or intended to reject it.

¶11     Walla's counsel represented to the Court that in light of Walla's decision to not testify there was no issue with striking provision two from the stipulated order. Walla's

5

counsel confirmed that Walla's decision to not testify made any further discussion regarding provision two "academic." Walla presents the issue to this Court as: "Did the District Court abuse its discretion by rejecting the parties' stipulated agreement?" Since the District Court did not reject the parties' stipulated agreement, Walla's argument is wholly unsupported by the record.

¶12 *Issue 2: Whether the District Court abused its discretion when it rejected Walla's proposed supplemental verdict form.*

¶13 The right to a unanimous jury verdict represents a fundamental right protected by Article II, Section 26, of the Montana Constitution. *State v. Vernes*, 2006 MT 32, ¶ 21, 331 Mont. 129, 130 P.3d 169. Walla argues that the District Court abused its discretion when it declined to provide the jury with his proposed supplemental verdict form because without it the jury was not properly instructed that its Justifiable Use of Force determination needed to be unanimous. Walla argues that we should adopt the rule articulated by the United States Court of Appeals for the 9th Circuit that whether or not a special unanimity instruction on an affirmative defense is required depends on the facts of the case and whether the jury is likely to confuse its duty to reject an affirmative defense unanimously. To support his argument, he cites three cases: *United States v. Southwell*, 432 F.3d 1050 (9th Cir. 2005); *United States v. Ramirez*, 537 F.3d 1075 (9th Cir. 2008); and *United States v. Nobari*, 574 F.3d 1065 (9th Cir. 2009).[1]

---

[1] Walla suggests we held in *State v. Brodniak*, 221 Mont. 212, 228, 718 P.2d 322, 332 (1986) that "all theories charged should be submitted to the jury for a special verdict," which he asserts includes affirmative defenses. Walla takes that quote from *Brodniak* out of context. Referencing two cases from Colorado and Washington, we noted: "These cases, however, merely hold that all

6

¶14     Even if we were to adopt Walla's proposed test, the three cases he relies on do not support his argument that the District Court abused its discretion by rejecting his proposed supplemental verdict form. In *Southwell*, the trial court instructed the jury that it had to determine the defendant's guilt unanimously and instructed them that they could find him not guilty by reason of insanity if they were unanimous. *Southwell*, 432 F.3d at 1051-52. After deliberating for a period of time, the jury asked the trial court whether they could find the defendant guilty if they were unanimous as to the elements of the crime but not unanimous as to his insanity defense. *Southwell*, 432 F.3d at 1052. The trial court refused to clarify its instructions, and the jury returned a verdict of guilty. *Southwell*, 432 F.3d at 1052. The 9th Circuit held that, in light of the jury's question, the trial court abused its discretion by failing to clarify that the jury's determination as to sanity had to be unanimous. *Southwell*, 432 F.3d at 1053.

¶15     In *Ramirez*, the defendant requested the jury be provided with a special verdict form "to ensure unanimity regarding [his] affirmative defense that he acted in self-defense." *Ramirez*, 537 F.3d at 1080. The trial court rejected the special verdict form, reasoning that the jury instructions were sufficiently clear that the jury's determination had to be unanimous. *Ramirez*, 537 F.3d at 1080. The 9th Circuit affirmed, finding that the unanimity instructions were "unambiguous," so the logic of *Southwell* did not apply. *Ramirez*, 537 F.3d at 1083. In *Nobari*, the defendant argued for the first time on appeal

---

theories charged should be submitted to the jury for a special verdict." We neither adopted nor rejected the holdings of these cases in *Brodniak*.

7

that he was entitled to a specific unanimity instruction on his affirmative defense of entrapment. *Nobari*, 574 F.3d at 1080-81. The 9th Circuit rejected the argument, holding that "such an instruction is not required in most cases," and is only warranted in "unusual circumstances." *Nobari*, 574 F.3d at 1081.

¶16     In this case, instruction No. 33 instructed the jury that their "verdict in this case [had] to be unanimous." Specifically as it pertained to Walla's Justifiable Use of Force defense, instruction No. 26 instructed the jury that "the State has the burden of proving beyond a reasonable doubt that the Defendant's actions were not justified," and that if the State had not met this burden, the jury "must find the Defendant not guilty." These instructions unambiguously required the jury to unanimously determine whether or not the State had proven that Walla's actions were not justified. Unlike in *Southwell*, the jury in this case did not ask any questions or indicate in any other way that they were confused about their task. Because Walla would not have been entitled to his supplemental verdict form even under the test he proposes, we decline to adopt it.

## CONCLUSION

¶17     The District Court did not improperly reject provision two of the procedural agreement and did not abuse its discretion when it refused Walla's supplemental verdict form. The District Court's July 1, 2022 Judgment and Sentence is affirmed.

/S/ JAMES JEREMIAH SHEA

8

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON